MARY DEAN *et al.*

*v.*

WILLIAM O'MEARA *et al.*

1. PARTITION—*where improvements had been made.* In a suit for partition of lands, where improvements had been made by one tenant in common, the court should direct, in making partition, that the portion improved be assigned to the one making such improvements, and this, without taking into consideration the value of such improvements. But, in case such division cannot be made, the court will so apportion the purchase money as to give to the party making the

improvements, the increased value of the property, derived from the improvements, besides his *pro rata* interest in the premises.

2. FORMER DECISIONS— *power of a married woman to convey her real estate without joinder by her husband.* The question as to the power of a married woman to convey her real estate, without the joinder of her husband, was decided in the case of *Cole* v. *Van Riper*, 44 Ill., 58.

WRIT OF ERROR to the Superior Court of Chicago; the Hon. JOHN A. JAMESON, Judge, presiding.

This was a suit in chancery, for partition, or sale, if not divisible, of lot 16, in block 40, school section addition to the city of Chicago, instituted by the defendant in error, William O'Meara, in the Superior Court of Chicago. The further facts in the case are sufficiently stated in the opinion.

Messrs. GOOKINS & ROBERTS, for the plaintiffs in error.

Mr. J. S. PAGE, for the defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The chief question argued in this case, relating to the power of a married woman to convey her real estate without joinder by her husband, has already been decided by this court, in the the case of *Cole* v. *Van Riper*, 44 Ill., 58. The decree must, however, be reversed, for the failure of the court to direct the commissioners, in making partition, to set off to Mary Dean that portion of the premises upon which she had built a house, and to do this without charging her share with the value of the improvements. She owned, as appears by the pleadings and proof, an undivided interest in the lot, and built the house at her own expense. In the event that the com·missioners report the lot not susceptible of partition, the court will determine the relative value of the lot and the house, and so apportion the purchase money as to give to Mary Dean the

16—47TH ILL.

increased value of the property derived from the house, besides her *pro rata* interest in the land.   It will also be equitable, in the event of a sale, to refund to Mary Dean, out of the shares of Margaret A. O'Meara and James Stanton, the heirs of Catharine Smith, the forty-five dollars paid to the latter, by Mary Dean, at the time she executed to Mary the contract of conveyance and the void deed.

*Decree reversed.*