Syllabus.

## DENNIS MAHONEY *et al.*

*v.*

## DANIEL MAHONEY.

1. RESULTING TRUST. The rule is well established that, where parties are strangers, and, upon the purchase of property, the conveyance of the legal estate is taken in the name of one, and the money is paid by another, a presumptive trust arises, and the party holding the legal estate will be a trustee for the one who paid the consideration. But the evidence to sustain it must be very clear, and is always received with great caution.

2. WITNESS—*competency of party to suit.* On cross-bill filed in a proceeding for partition, to establish a resulting trust, it appeared that the parties seeking partition, and who were defendants in the cross-bill, were heirs at law of the person in whose name the land was purchased: *Held*, that the complainant in the cross-bill was not a competent witness to prove facts which occurred in the life-time of the ancestor for the purpose of establishing the trust.

3. EVIDENCE—*sworn answer in chancery, when not evidence for defendant.* Where a defendant, in a bill for partition, answered under oath denying the right to partition and set up facts showing that he paid the consideration for the deed to the ancestor of the parties seeking the relief, and consequently there was a resulting trust in his favor: *Held*, that such portion of the answer as set up the facts establishing the trust were not responsive to the bill, and therefore no evidence in his favor.

4. PARTITION—*account of rents and profits—taxes.* Where a partition of lands is decreed, and one of the defendants has been in the exclusive possession of the same, it is proper to take an account of the rents and profits, and if he has paid the taxes, the several parties in interest should contribute their just proportion of the same.

5. SAME—*where allowance should be made for improvements.* Where one of the tenants in common of land, in possession under the supposition that he was entitled to the whole of the premises, has made valuable improvements, he should have the benefit thereof in making equitable partition, and if that can not be done, he should be allowed compensation for the same. But, when sued for a partition, he can not obtain this relief upon his answer, but must file a cross-bill.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. R. E. BARBER, for the appellants.

Messrs. FELLOWS & LEONARD, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

This was a bill in chancery for partition and for an account of rents and profits. The defendant filed a sworn answer, and also a cross-bill alleging that the ancestor of complainants purchased the land with the money of defendant, and took the deed in his own name, and claimed a resulting trust in the land.

The rule is well established that, where parties are strangers, and, upon the purchase of property, the conveyance of the legal estate is taken in the name of one, and the money is paid by another, a presumptive trust arises, and the party holding the legal estate will be a trustee for the one who paid the consideration. But the evidence to sustain it must be very clear, and is always received with great caution.

If we leave out of consideration the evidence of the *cestui que trust,* then the proof is too uncertain, and wholly insufficient to sustain the position that the consideration proceeded from him. There would be no security to the legal title, if it could be unsettled by such equivocal proof as is presented in this record to establish the trust.

When we discard the evidence of the complainant in the cross-bill, the proof is very slight to show the payment of the consideration by him. Was he a competent witness?

The defendants in the cross-bill were heirs of the person in whose name the purchase was made, and he was dead. The complainant testified to facts which occurred before his death, and was clearly within the prohibition of the act of 1867, section 2. (Sess. Laws 1867, p. 183.)

The sworn answer of the complainant in the cross-bill, to the original bill for partition, can not aid him. The portion of the answer in regard to the payment of the consideration and the consequent resulting trust, is not responsive to the

bill for partition. It is affirmative matter, and therefore need not be disproved. As the answer, in the respect referred to, was not responsive to the bill, it was not evidence, but the facts alleged must be established by independent proof.

It was, therefore, error to decree a resulting trust.

We are of opinion that partition should have been made, and an account of rents and profits taken. If the party in possession has paid taxes, he is entitled to be allowed three-fourths of them against the other parties in interest.

If, as we infer from the proof, the defendant has made improvements and expended money and labor in repairs, he should file his cross-bill, or amend the present one, setting up his claim for improvements and repairs. If, upon the supposition that he was entitled to the whole of the premises, he has made valuable improvements, he should have the benefit thereof in making equitable partition, and if that can not be done, he should be allowed compensation. If the value of the farm has been enhanced by the ordinary repairs and improvements necessary for its use and preservation, he should have remuneration therefor.

The principles which should control under such circumstances have been settled in the cases of *Louvalle* v. *Menard,* 1 Gilm. 39; *Howey* v. *Goings,* 13 Ill. 95; *Dean* v. *O'Meara,* 47 Ill. 120.

Decree reversed and cause remanded.

*Decree reversed.*