# MARY L. BEAM
## v.
## SCROGGIN AND SAWYER.

1. CO-TENANTS—IN SUIT FOR PARTITION, ADJUSTMENT FOR IMPROVEMENTS.—In a suit for partition between tenants in common, where one has advanced money to improve the property sought to be partitioned, a court of equity will, if practicable, allot to him the portion so improved without taking into the account the value of the improvements, or where such division can not be made, will allow him a reasonable remuneration for the increased value of the premises caused by the same.

2. BEFORE A SUIT FOR PARTITION JUDGMENT CREDITOR OF A CO-TENANT CAN NOT BRING OTHER CO-TENANTS INTO COURT TO ANSWER FOR IMPROVEMENTS MADE BY FORMER.—A co-tenant can not be brought into court

to answer to the judgment creditor of the other co-tenant for improvements made by the latter upon the premises, which are the subject of such co-tenancy, in advance of a suit for partition, wherein all the equities growing out of such co-tenancy, up to the time of its severance, may be adjusted.

3. HUSBAND AND WIFE AS CO-TENANTS—INTENT WITH WHICH IMPROVEMENTS MADE, ETC.—The intent with which and the circumstances under which the improvements have been made are always fair subjects of inquiry of a court of equity: and should it appear that in the absence of either actual or constructive fraud, a husband, where husband and wife were co-tenants, had made such improvements with the intent of conferring a benefit upon the wife in the nature of a gift without hope, expectation or promise from her that either he or his heirs should, in case of partition, receive any compensation therefor, the court would refuse to divest the wife of her legal title thereto for the benefit of her husband's creditors.

APPEAL from the Circuit Court of Logan county; the Hon. L. LACEY, Judge, presiding. Opinion filed February 7, 1883.

Messrs. STUART, EDWARDS & BROWN, for appellant; that where improvements have been made by a co-tenant, if it is not practicable in a partition of the estate to assign the portion improved to him, he should be allowed a reasonable remuneration from those who receive the benefit of the improvements, cited Louvalle v. Menard, 1 Gilm. 39; Kurtz v. Hibner, 55 Ill. 521.

The decree is unauthorized by the evidence: R. S. Chap. 22, § 29.

Messrs. BEACH & HODNETT, for appellees; as to the interposition of a court of equity to compel a discovery when execution has been returned unsatisfied, cited Brown v. Parkhurst, 24 Ill. 258; Miller v. Davidson, 3 Gilm. 522; Manchester v. McKee, 4 Gilm. 575; Alexander v. Tams, 13 Ill. 224; Bowen v. Parkhurst, 24 Ill. 258; Ballentine v. Beall, 3 Scam. 203.

This court has no jurisdiction in any case involving a franchise or freehold: R. S. 1877, p. 76, § 3.

Other co-tenants are not entitled to share in the benefit of an improvement but its *value* belongs exclusively to the person making the same: Lauvalle v. Buatt, 1 Gilm. 39; Dean v. O'Meara, 47 Ill. 120; Mahoney v. Mahoney, 65 Ill. 406.

McCulloch, J.   This was a bill in chancery brought by appellees, as judgment creditors of Samuel C. Beam, the husband of appellant, to obtain satisfaction of their judgment. The bill as framed seems to have a double object in view ; first, to discover assets not subject to levy and sale under execution ; secondly, to remove fraudulent conveyances out of the way of their execution, and to subject certain interests in the property in controversy in this suit to levy and sale.   That a bill may be sustained for either one of these purposes is beyond dispute.   Newman v. Willetts, 52 Ill. 98.   As the first object of of the bill has been fully attained, and no appeal taken from the decree by any one entitled to raise that question, we are not called upon to say whether or not both these objects may be embraced in one bill.   The bill, as framed, contains sufficient allegations to give the court jurisdiction to remove any fraudulent conveyances, and to place the judgment creditors in the same situation they would have been in had no such conveyances been made.   The errors complained of relate wholly to this branch of the case.

The bill alleges and the court so finds in substance that, prior to and at the time of the rendition of the judgment, said Samuel C. Beam and his wife Mary L. Beam, the appellant herein, were the owners in fee simple of a certain lot of ground particularly described, as tenants in common, said Samuel owning the undivided five twelfths and said Mary L. Beam the remaining seven twelfths thereof.   Samuel C. Beam having died during the pendency of the suit, the same interest descended to his heirs who thereby became tenants in common with his widow, and so their respective interests remained at the time of the decree.   The widow alone appeals.

There are some allegations in the bill to the effect that, prior to the rendition of appellees' judgment, the tenants in common, Beam and appellant, had made certain fraudulent conveyance of other premises, but the court does not find any fraudulent conveyances as to this property.   On the contrary it finds the legal title to be as before stated.   This being so there would seem to be no occasion to call in the aid of a court of chancery, to enable appellees to obtain satisfaction of their

judgment out of this property, as this undivided interest of the husband is subject to levy and sale, with all the equitable interests thereunto belonging. R. S. 1874, Ch. 77, Secs. 1–3. Should the purchaser under such a sale succeed to the title, equitable as well as legal, of said Samuel C. Beam, then on application to a court of chancery for partition all his rights so acquired could be fully protected. Louvalle v. Menard, 1 Gilm. 39.

Appellees, however, seek to anticipate such a course, and, by this bill, to have certain equities existing between the tenants in common, settled, so as to draw to the legal title of said Samuel C. Beam in the undivided five twelfths, a certain supposed claim for improvements made by him upon the said lot, and in this manner to cause such improvements to pass by sale under the execution. It is difficult for us to see how an original bill brought for that purpose alone could be maintained, for if a decree should be rendered to that effect, and a sale under execution be made, the purchaser would still have only the title of Beam to the undivided five twelfths of the premises, and if he sought more than the legal title would give him, his remedy would be by bill in equity for partition. We are unable to see what other effect such a decree would have than to estop the co-tenant from litigating the same question over again, and such we apprehend would be the extent to which the decree rendered in this case would avail appellees, if it could be said to go even so far as that.

It is contended on the part of appellees that, the court having acquired jurisdiction for the purpose of discovery, and it having been disclosed by the answers that the house and other improvements equitably belonged to the husband, on account of his having furnished all the money to erect the same and the wife none, the court can by its decree subject all the improvements upon the lot to sale under said execution. This view of the case seems to have been adopted by the court below. Having found that appellant was entitled in her own right to an undivided seven twelfths of the lot, exclusive of the dwelling house and other improvements thereon, and in addition thereto to a homestead of the value of one thousand

dollars, and dower unassigned in the remainder of said lot, the court rendered a decree that after deducting her interests, so found, from the value of said premises, the remainder should be subject to the execution of appellees, issued or to be issued upon their said judgment.

It will be observed that the only fact, found by the decree, upon which appellees' claim to a lien upon all the improvements upon the lot in question is founded, is that Samuel C. Beam furnished all the money to erect and make the same, and that appellant furnished none. It further appears from the record that the said improvements consisted largely of a dwelling house in which said Beam during his lifetime, and appellant since his death, resided with their family; that they were householders, and the head of the family, and therefore they had a homestead in the lot in question.

It is the doctrine in equity, in this and many other States, that in a suit for partition between tenants in common, where one has advanced money to improve the property sought to be partitioned, the court will, if practicable, allot to him the portion so improved without taking into the account the value of the improvements, or where such division can not be made, will allow him a reasonable remuneration for the increased value of the premises caused by the same. Louvalle v. Menard, 1 Gilm. 39; Dean v. O'Meara, 47 Ill. 120; Maloney v. Maloney, 65 Ill. 406; Hall v. Piddock, 21 N. J. Eq. 211; Green v. Putnam, 1 Barb. (S. C.) 500; Freeman on Co-tenancy and Partition, Secs. 509–11. But there is no foundation in law for any such claim. It must be addressed solely to the conscience of the chancellor, and, if allowed at all, it will be allowed altogether for equitable reasons and upon equitable terms. Where one tenant in common improves the estate with his own means, his co-tenant at once becomes seized of the improvements in the same proportion in which he is seized of the land. In certain cases he may be called upon to contribute to the making of necessary repairs, and if he refuse, an action at law will lie for his share of the expense incurred in making them. But for betterments in the way of permanent improvements he can not, so long as the tenancy in common continues, be called

upon either in law or equity to contribute.    Nor can a court of law, even in a suit for partition, wherein it acts wholly upon the legal title of the respective co-tenants, by severing the tenancy in common and assigning to each a part in severalty, render any compensation to the party making such improvements, but if he asks any he must resort to a court of equity.    Louvalle v. Menard, *supra*.

When an equal partition can not be made, courts of equity may order that a certain sum be paid by the party to whom the most valuable purparty has been assigned.    This is done from the necessity of the case and in furtherance of justice. Freeman on Co-tenancy and Partition, Sec. 507.    In such case one party receives more of the realty than he is entitled to have by his seizin in law, but in lieu thereof he must pay owelty to his co-tenant to make him equal, and such compensation becomes a lien in equity upon the larger interest.    The claim for compensation for improvements, erected by one tenant in common, is of a different, although of a somewhat kindred nature. In the latter case, if the property is susceptible of division, so as to give the tenant who has made the improvements the whole benefit thereof, the court will so divide it; if the property has to be sold and the proceeds divided, the court will allow the tenant who has made the improvements the increase in value occasioned thereby, to be taken out of the proceeds of sale before division.

The doctrine is thus stated by Paige, J., in Green v. Putnam, *supra:* "The right of a tenant in common to a suitable compensation for improvements made on the premises held in common, where there is no promise on the part of his co-tenant to contribute to the expense, is an equitable right merely, amounting to an equitable interest in the premises, which a court of equity will recognize in a decree for partition.    And a court of equity will not grant a partition without allowing to the party the value of such interest.    The money expended in improvements does not in strictness create a lien upon the premises, but equity will so far regard it as a lien as to refuse to interfere unless compensation be made."    In Drennan v. Walker, 21 Ark. 539–557, it is said:

Beam v. Scroggin et al.

" A tenant in common having a right to improve the land, without the consent and against the will of his co-tenant, but having no lien upon it for his improvements, can only be indemnified therefor by partition in equity, so as to have the improvements allowed to him, or to have compensation for them if thrown into the common mass."

But while courts of equity are thus anxious to protect the tenant, who has expended his money in improvements, against the severity of that rule of law which would give his co-tenant a part of the same without compensation, yet it will be done in such a way as to inflict no injury upon his co-tenant. He will therefore be allowed, not the price of the improvements, but only the increased value thereof at the time of sale, if sale should ever be made. Freeman on Co-tenancy and Partition, Sec. 510; Moore v. Richardson, 10 Rich. Eq. 328. In Nelson's Heirs v. Clay's Heirs, 7 J. J. Marsh. 142, it is said: " If one joint tenant, or tenant in common, covers the whole of the estate with valuable improvements, so that it is impossible for his co-tenant to obtain his share of the estate without including a part of the improvements so made, the tenant making the improvements would not be entitled to compensation therefor, notwithstanding they may have added greatly to the value of the land, because it would be the improver's own folly to extend his own improvements over the whole estate, and because it would be unjust to permit a co-tenant, at his pleasure, to charge another co-tenant with improvements he may not have desired. In such a case the improver stands as a mere volunteer, and can not, without the consent of his co-tenant, lay the foundation for charging him with improvements." This does not conflict with cases before cited to the effect that the court will, if it can do so without injustice to his co-tenant, give the party making the improvements the full benefit thereof. Nor is it in conflict with Louvalle v. Menard, *supra*, wherein it is held, in a case where actual partition was not practicable and in consequence thereof the property had to be sold, that compensation for the enhanced value resulting from the improvements might be made out of the proceeds of the sale.

In Rowan v. Reed, 19 Ill. 21, it was held that, upon a bill in equity for partition wherein some of the tenants in common asked for allowances for improvements made by them, and it appeared that the object of the expenditure was not to benefit the estate, and that the parties making them had enjoyed the fruits thereof, no equities existed calling for any special relief as prayed for in the bill. In Drennan v. Walker, *supra*, it is said that "ordinarily, correlative to the question of improvements is that of rents and profits." Where one tenant in common claims compensation for improvements made by him, the way is then open for an accounting between him and his co-tenants in respect to all moneys paid, laid out and expended for the common benefit of the property, such as taxes, assessments, repairs, and also for the use and occupation by the tenant making the claim of the moieties owned by the others. Teasdale v. Sanderson, 33 Beav. 534; Drennan v. Walker, *supra;* Nelson v. Clay, 7 J. J. Marsh. 140; St. Felix v. Rankin, 3 Edw. Ch. 324. And compensation will be allowed or denied in each case according to the equities thereof.

Whether or not this is such an equitable right in the land as would pass to the purchaser under an execution sale, is a question upon which we express no opinion.

In Green v. Putnam, *supra*, the allowance was made to the *grantee* of the tenant who had made the improvements, but the question now suggested was not raised. If it should be held to be such an interest in the land as would pass to the purchaser under the execution sale, such purchaser could acquire only the title or interest therein that the judgment debtor had, and he would take it subject to the adjustment of all the equities of the co-tenants up to the time of the partition or sale.

The adjustment of these questions does not come within the purview of this bill, and there are no issues in the case upon which they could be tried. The bill on the one hand calls for the discovery of assets not liable to execution at law, and on the other for the removal of fraudulent conveyances from property of the judgment debtor which, but for such conveyances, would be, and by the decree are found liable to levy and sale.

Beam v. Scroggin et al.

The property in question comes within the latter branch of the bill, wherein the only question to be tried was whether or not such fraudulent conveyances existed. The decree seems to be an attempt to adjudicate questions which can only arise between the tenants in common, and that only upon a partition of the estate held in common. We know of no rule or precedent by which one co-tenant can be brought into court to answer to the judgment creditor of the other for improvements made by the latter upon the premises which are the subject of such co-tenancy, in advance of a suit for partition, wherein all the equities growing out of such co-tenancy up to the time of its severance may be adjusted.

The answers disclose the fact that these improvements were made by the husband when he was in solvent circumstances, and before his debt to appellee was contracted. At that time and under these circumstances he had a right, without committing any fraud upon them, to make a gift to his wife of the entire premises or any part thereof, or of money to improve the same. There is no evidence in the case as to his intent in this particular any further than that he intended to fit up the premises for a home for himself and his family. He did invest his wife with the legal title to seven twelfths of the improvements which is the only fraud charged concerning this particular piece of property. It evidently was never expected by him that any partition of the premises should be made during their joint lives. There is nothing in the case going to show any other intent, on his part, than that, upon the death of either or both of them, the property in question should belong to their respective estates in the proportions in which they held the lawful seizin. It is contended by appellant at this point, that the rule in equity, which gives to the tenant who has made the improvements compensation therefor, does not prevail as between husband and wife, but her counsel are unable to cite any case in point. However this may be, we are well persuaded that the intent with which, and the circumstances under which, the improvements have been made are always fair subjects of inquiry by a court of equity; and should it appear, that in the absence of either act-

ual or constructive fraud, the husband had made such improvements with the intent of conferring a benefit upon the wife in the nature of a gift, without hope, expectation, or promise from her, that either he or his heirs should, in case of partition, receive any compensation therefor, the court would refuse to divest her of her legal title thereto, for the benefit of her husband's creditors.

Now this right to compensation for improvements is one which can not be asserted by the husband during the continuance of the tenancy in common, and when that tenancy is severed it is optional with him whether or not he will assert it. It would be a strange ruling that would allow his creditors to come in and assert that right for him, or to compel him to assert it for their benefit, before he could do it for himself, and thus practically to institute a suit between husband and wife where neither had a right to sue the other. In this case there were no issues between husband and wife. They were called upon to answer the alleged fraud, and having successfully done that, there were no other issues to try. All other questions relating to the co-tenancy, the intent of the husband, the circumstances of the premises, the use and occupation of the premises and whether or not appellant has contributed to the common benefit by making repairs, payment of taxes or otherwise, are left unadjusted, and her legal title to seven twelfths of the improvements is made to respond to her husband's creditors, on account of the one simple and unexplained fact that her husband contributed all the money to the making of the improvements, and she none.

In our opinion this is a fatal objection to the decree so far as it affects or attempts to affect appellant's interests in the lot in question. While we regard the decree as almost nugatory in this respect, yet, upon a suit for partition by appellees or any others who might succeed to the title of her husband through the judgment and execution in question, she ought not to be obliged to encounter the risk of an estoppel created thereby.

As to appellees' rights in the premises, we can not see how they can be affected by a reversal of the decree. If the equi-

table interest in question is such an one as will pass by a sale under the execution, we can not see why the purchaser may not have the benefit thereof in a suit for partition after acquiring the debtor's title; but if it is not such an interest as will attach itself to the legal title of the debtor and so pass to the purchaser, the court could not then allow the purchaser any compensation for the improvements made by the debtor, and we are wholly unable to see how the court of equity can, in advance of the sale, bring anything within lien of the execution, and so make it subject to sale thereunder, which does not rest there by statute. But even if such relief could be granted in a suit for partition it is wholly beyond the scope of the present bill.

For the reasons aforesaid the decree of the Circuit Court of Logan county in so far as it finds that appellant Mary L. Beam is the owner of and entitled, in her own right, to an undivided seven twelfths of out-lot number two, in the Proprietors' Division of Mt. Pulaski, in said county, exclusive of the improvements and dwelling house thereon, and in so far as the said decree makes the seven twelfths of said house and improvements of which said seven twelfths the said appellant is seized in fee, subject to the execution issued or to be issued upon the judgment of appellees against the said Samuel C. Beam will be reversed and the cause remanded for further proceedings in conformity with this opinion.

Reversed and remanded.