Carver v. Coffman.

Filed Feb. 18, 1887.

———◆———

No. 12,720.

CARVER v. COFFMAN.

PARTITION.—Improvements.—Occupying Claimant.—Where one is in possession of land under color of title, and makes, in good faith, lasting and valuable improvements thereon, he is entitled to have their value taken into account in awarding partition, although made without the knowledge or consent of his cotenant.

SAME.—Rents and Profits.—Liability of One Cotenant to Another.—Where one cotenant is in possession of the whole of the common property, denying the other cotenant's title, and excluding him from possession and from participation in the income of the property, he is liable to the latter for all profits he has received in excess of his just proportion.

From the Madison Circuit Court.

H. D. Thompson and T. B. Orr, for appellant.
C. L. Henry and H. C. Ryan, for appellee.

HOWK, J.—In this case appellee Coffman sued appellant Carver to obtain the partition of certain real estate, particularly described, in Madison county. In his complaint, appellee alleged that he was the owner of the undivided two-thirds part, and the appellant was the owner of the undivided one-third part, of such real estate.

The cause was put at issue and tried by the court, and a finding was made for appellee that he was the owner of the undivided two-thirds part of the real estate in controversy, and that appellant was the owner of the residue thereof, and an interlocutory order was entered, awarding partition as prayed for in the complaint, and appointing commissioners to make such partition. Afterwards, such commissioners made their report of such partition, and, over appellant's motion to set it aside, the court rendered final judgment, confirming such report and partition ; and appellant's motion for a new trial having been overruled, she has appealed from such judgment to this court.

The first error of which appellant complains here in argument is the sustaining of appellee's demurrer to the second paragraph of her answer herein.

It may be premised that, in his complaint for partition, after having stated the respective interests of the parties, as hereinbefore stated, in the real estate in controversy, the appellee averred that while he and his immediate and remote grantors were in the full, complete, unquestioned and undisturbed possession of all of such real estate, and before appellant made any claim to such real estate, appellee and his immediate and remote grantors made lasting and valuable improvements, of the value of $1,000, on such real estate, all of which was done with appellant's knowledge; and appellee asked that, in making partition of such real estate, said improvements be taken into account and appellant's interest in the real estate be duly charged therewith. Appellant's defence of this suit was addressed to appellee's claim for the value of such improvements.

In the second paragraph of her answer "to so much of the complaint as seeks to recover for improvements made on the land," appellant averred that appellee was the owner of the undivided two-thirds in value of such real estate, and that appellant was the owner of the remaining one-third part in value thereof; that appellee and his grantors had held the

continued possession of all of such real estate for the last eight years, under and by a claim of right to all of such real estate, and, during all that time, had asserted that appellant had no right or title to any part of such real estate, and had refused to permit her to possess, hold or enjoy, or to enter upon, any part thereof; that when said improvements were made, if made at all, neither appellee nor any of his grantors were tenants in common with appellant of such real estate; and that said improvements were made without the knowledge or consent of appellant, and that she was not liable, therefore, for the payment of any part of the value of such improvements.

We are of opinion, that the facts stated by appellant, in this second paragraph of answer, were not sufficient to constitute a valid bar to appellee's claim for the value of the lasting improvements made by him and by those under whom he claims, on the real estate in controversy.   It is alleged in such paragraph of answer, that appellee and his grantors had held continued possession of all such real estate for the last eight years, under and by a claim of right to all such real estate.   What this claim of right was, under which appellee had held such possession of all the real estate in controversy, is not shown by any averment in the paragraph of answer we are now considering.   As against the appellant, it may be fairly assumed, however, that this claim of right was of such a character as gave the appellee and his grantors " color of title " to all the real estate in controversy.   This being so, and the absolute " good faith " of appellee and his grantors in making the lasting and valuable improvements, mentioned in the complaint herein, on such real estate, having been in no manner questioned or controverted by appellant, it follows of necessity, as it seems to us, that when appellee was afterward, in the proper action, found not to be the rightful owner of the undivided one-third part of such real estate, he then and there and thereby acquired a valid, legal and equitable claim for the value of such improvements, and to

have the same taken into the account in the future partition of such real estate between him and the rightful owner of such undivided interest therein. Section 1074, R. S. 1881. The claim asserted by appellee, in relation to the value of his lasting improvements, is strongly analogous to that of an occupying claimant; and as the provisions of our code concerning occupying claimants are purely equitable, we know of no reason, and, certainly, none is shown in the second paragraph of appellant's answer, why such provisions should not be held applicable to the questions now under consideration.

It will be observed that, in the second paragraph of her answer, appellant alleged that, when such improvements were made, neither appellee nor any of his grantors were tenants in common with appellant of the real estate in controversy. This may be true, perhaps, but even if it be true, it is certain that, under other averments of such paragraph, appellee and his grantors were cotenants of some kind with the appellant of such real estate. It may be true also, as alleged in such paragraph of answer, that the improvements on such real estate were made without the knowledge or consent of appellant, and that, for this reason, she was not liable for the payment of any part of the value of such improvements. But while all these averments may be true, it does not follow by any means that a court of equity ought not to take such improvements into account in awarding partition of such real estate between appellant and appellee. On this subject, in Freeman on Cotenancy, section 509, it is said: "The law declines to compel one cotenant to pay for improvements made without his authorization; but it will not, if it can avoid so inequitable a result, enable a cotenant to take advantage of the improvements for which he has contributed nothing. When the common lands come to be divided, an opportunity is offered to give the cotenant who has enhanced the value of a parcel of the premises the fruits of his expenditures and industry, by allotting to him the

parcel so enhanced in value, or as much thereof as represents his share of the whole tract. ' It is the duty of equity to cause these improvements to be assigned to their respective owners, (whose labor and money have been thus inseparably fixed on the land,) so far as can be done consistently with an equitable partition.' " *Seale* v. *Soto,* 35 Cal. 102; *Mahoney* v. *Mahoney,* 65 Ill. 406; *Elrod* v. *Keller,* 89 Ind. 382.

Our conclusion is, that the trial court committed no error in sustaining appellee's demurrer to the second paragraph of appellant's answer.

The next error, of which complaint is here made by appellant, is the sustaining of appellee's demurrer to the third paragraph of appellant's answer.

This paragraph of answer, like the second paragraph, was an answer to so much only of the complaint herein, " as seeks to recover for improvements made upon the real estate asked to be partitioned." In this third paragraph, appellant first alleged substantially the same facts as were stated by her in the second paragraph of her answer; and then she further averred that appellee and his grantors, for the last eight years, had and enjoyed the full and entire possession of all such real estate, and that the annual rental value thereof, during that time, was $120, amounting in the aggregate for such eight years to the sum of $960, the one-third part of which aggregate amount, to wit, the sum of $320, was due and owing to appellant, and she asked that the sum, so due and owing her, might be recouped and taken from any amount that might be found due the appellee for such improvements.

We are of opinion that the trial court clearly erred in sustaining appellee's demurrer to this third paragraph of appellant's answer. Ordinarily, no doubt, one cotenant is not bound, in the absence of express contract, to pay rent while he remains in possession of the common property. But where, as here, a cotenant in possession of the common property, as alleged in the third paragraph of answer and

admitted to be true by the demurrer thereto, has for eight years denied that the other cotenant had or held any title, right or claim to any part of such property, and, during all that time, has kept the other cotenant out of the possession of every part of such property, and has refused during all that time to permit her to make any entry upon the common property, or to receive any part of the annual income or rents thereof, it is very clear that a cotenant thus in possession of the common property is bound to account to the excluded cotenant for what he has received by such possession, more than his just proportion of the annual income or rents and profits of such property. *Estep* v. *Estep*, 23 Ind. 114; *Crane* v. *Waggoner*, 27 Ind. 52; *Winings* v. *Wood*, 53 Ind. 187; *Elrod* v. *Keller, supra; Humphries* v. *Davis*, 100 Ind. 369; *Scott* v. *Guernsey*, 48 N. Y. 106; *Early* v. *Friend*, 16 Gratt. 21, 47; *Hayden* v. *Merrill*, 44 Vt. 336, 348; *Shiels* v. *Stark*, 14 Ga. 429; Freeman Cotenancy, section 506.

Both in law and in equity, appellant has shown by the averments of the third paragraph of her answer, or, properly speaking, her counter-claim herein, a just and valid claim for her share or interest in the rents and profits of the common property. The facts stated by her, in such answer or counter-claim, were amply sufficient to entitle her to the relief she demanded therein, and it was error in the court below to sustain appellee's demurrer thereto. This conclusion renders it unnecessary for us to consider now the other errors assigned by appellant upon the record of this cause.

The judgment is reversed, with costs, and the cause is remanded with instructions to overrule the demurrer to the third paragraph of answer, and for further proceedings not inconsistent with this opinion.

Filed Feb. 23, 1887.