Amanda Deuter

*v.*

Arthur J. F. Deuter *et al.*

*Opinion filed February 21, 1905.*

1. Trusts—*conveyance to the wife of property purchased with husband's money is presumed an advancement.* A conveyance to the wife of the title to property paid for with the husband's money is presumed to be a gift or advancement, and those claiming that the conveyance created a resulting trust have the burden of overcoming this presumption by clear proof.

2. Pleading—*when cross-bill is not germane to the original bill.* A cross-bill seeking to have a piece of property belonging to the husband of the cross-complainant at his death, sold to pay debts of his estate, is not germane to an original bill by his children to partition another piece of property inherited from their mother, his first wife, in which his interest had terminated at his death.

Appeal from the Circuit Court of Cook county; the Hon. M. F. Tuley, Judge, presiding.

This is a bill for partition, filed in the circuit court of Cook county on March 2, 1904, by Arthur J. F. Deuter, Albert A. M. Deuter, Eva V. R. Deuter and Anna H. C. Deuter, minor heirs of John F. C. Deuter, deceased, by the Northern Trust Company, their guardian, against Christian J. Deuter, August W. Deuter and Mitchell Deuter, adult heirs of said deceased, and Minnie E. Deuter, wife of Christian J. Deuter, and the appellant, Amanda Deuter, second wife and surviving widow of said deceased, personally and as administratrix of the estate of said deceased, and E. Rank and William A. Cameron, tenants, for the partition of two certain parcels of real estate, which were the property of Anna Deuter, the first wife of said John F. C. Deuter, deceased, one of said parcels being designated in the record as parcel No. 2 and known as 123 West Sixty-fifth street in Chicago, and the other of said parcels being designated in the record as parcel No. 3, and otherwise known as 6511 Lafayette avenue in said city. Amanda Deuter, widow, filed

an answer, and subsequently an amended answer to the bill, denying the material allegations thereof, and particularly that the two parcels in question were ever owned by Anna Deuter, deceased. The other defendants below, except the widow, Amanda Deuter, filed an answer admitting all the material allegations of the bill to be true.

The appellant, Amanda Deuter, one of the defendants below, filed a cross-bill, claiming that Anna Deuter held the title to said parcel No. 3 upon an express trust in favor of said John F. C. Deuter, and held the title to said parcel No. 2 under a resulting trust in favor of said John F. C. Deuter, deceased. Said cross-bill also alleged that said John F. C. Deuter died seized and possessed of a certain other lot in Cook county, designated in the record as vacant parcel 1. The cross-bill prays that said parcels 3 and 2 may be declared to be held under express and resulting trusts in favor of the estate of John F. C. Deuter, deceased, and after alleging that the personal estate of said John F. C. Deuter, deceased, was not sufficient in amount to pay all the debts, and that two debts existed against the estate of John F. C. Deuter, deceased, one for $831.27 and the other for $927.70, the latter being the unpaid portion of the widow's award, the cross-bill prayed that said parcel No. 1, as well as the other real estate above mentioned, be sold as the property of said John F. C. Deuter, deceased, for the payment of the debts aforesaid, and the expenses of the administration of his estate, and also prays for the recovery of dower and homestead rights in said premises. To this cross-bill an answer was filed by the minors above named by their guardian, as aforesaid, submitting their rights to the judgment of the court; and a joint and several answer was also filed by said adult heirs and said Minnie E. Deuter to said cross-bill, denying the existence of any express and resulting trusts, as alleged in the bill, and demurring to the matters pertaining to the probate of the estate of John F. C. Deuter, deceased; and also denying the alleged homestead and dower rights of the

cross-complainant, and also that she was entitled to any relief. Answers were also filed by the owners of certain claims against the estate of John F. C. Deuter, deceased.

The cause was referred to a master in chancery, who filed a report, finding the material facts against the contentions of the appellant, the cross-complainant below, and recommending that the cross-bill be dismissed, and that a decree be entered in accordance with the prayer of the original bill; and, accordingly, on October 24, 1904, a decree was entered, overruling the exceptions to the master's report and confirming the same, and ordering a partition as prayed in the original bill, and dismissing the cross-bill of the appellant. The present appeal is prosecuted from the decree so entered by the circuit court.

The first wife of John F. C. Deuter, deceased, was named Anna Deuter, who died on or about March 15, 1896, intestate, holding the legal title to said parcels 3 and 2 above mentioned, and leaving her surviving her husband, John F. C. Deuter and seven children, being the four minors and three adults above named. After the death of said Anna Deuter, John F. C. Deuter married the present appellant, Amanda Deuter, then Amanda Haremski, and on or about November 19, 1897, said John F. C. Deuter died intestate, and left him surviving the present appellant as his widow, and, as his heirs-at-law, said seven children above named, and a posthumous child born after his death, which posthumous child died soon after her birth, and was buried under the name of Wanda Deuter. Amanda Deuter was appointed administratrix of the estate of said John F. C. Deuter, deceased, by the probate court of Cook county. On June 2, 1900, said adult heirs above named quit-claimed all their right, title and interest in and to said parcel No. 2 to the said minor heirs above named. August W. Deuter and Mitchell Deuter were never married.

DICKINSON & HAREMSKI, for appellant.

KERR & KERR, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The cross-bill in this case alleged that, when Anna Deuter died, she held the title to parcel No. 3, otherwise described as 6511 Lafayette avenue in Chicago, upon an express trust in favor of her husband, John F. C. Deuter. Upon the hearing, however, in the court below, the appellant abandoned her contention as to the existence of an express trust in said property, and as to the existence of any homestead right therein. Therefore, there are only two questions, arising upon the record for the determination of this court.

*First*—The first is, whether at the time of the decease of Anna Deuter, the first wife of John F. C. Deuter, deceased, she was the owner of parcel No. 2, otherwise known as 123 West Sixty-fifth street, or whether she held the title to that parcel under a resulting trust in favor of her husband, John F. C. Deuter, deceased. If Anna Deuter owned parcel No. 2 at the time of her decease, then the title thereto was inherited by her seven children, and the present appellant, Amanda Deuter, the second wife of John F. C. Deuter, deceased, had and has no interest whatever therein.

The property or lot, known as 123 West Sixty-fifth street, was conveyed by warranty deed, dated November 20, 1891, by Cyrenius Hall and his wife as grantors, to Anna Deuter, and this warranty deed was recorded in the recorder's office of Cook county on December 12, 1891. The evidence tends to show that the consideration for this conveyance from Hall and wife to Anna Deuter, to-wit, the sum of $2700.00, was paid by John F. C. Deuter, Anna Deuter's husband. As a general rule, where one of two parties, who are strangers to each other, takes the title to a piece of land, but the other advances the purchase money, a resulting trust will exist in favor of the latter, and the holder of the legal title will be regarded as the trustee of the party furnishing the money.

(*Mahoney* v. *Mahoney,* 65 Ill. 406; *VanBuskirk* v. *Van-Buskirk,* 148 id. 9). If John F. C. Deuter and Anna Deuter had been strangers to each other, the facts, that he paid the purchase money for the land, and that the conveyance of it was made to her instead of to him, might be sufficient to establish a resulting trust. But it is also a general rule that a purchase of land by a husband in the name of his wife will be presumed to be an advancement, and not a trust; and the burden is on the party claiming a trust to prove it. Such presumption may be rebutted by parol testimony if the testimony is clear and satisfactory; or by proof of such acts and circumstances as clearly show that the intention was not to make an advancement, but to accomplish some other lawful purpose. (*Johnston* v. *Johnston,* 138 Ill. 385; *Maxwell* v. *Maxwell,* 109 id. 588; *Dorman* v. *Dorman,* 187 id. 154). As is said by Perry in his work on Trusts, (sec. 147 quoted in *Dorman* v. *Dorman, supra*) : "Whether a purchase in the name of a wife or child is an advancement or not is a question of pure intention, though presumed, in the first instance, to be a provision and settlement; therefore any antecedent or contemporaneous acts or facts may be received either to rebut or support the presumption, and any acts or facts so immediately after the purchase as to be fairly considered a part of the transaction may be received for the same purpose." In the case at bar, no acts or facts on the part of John F. C. Deuter, or of Cyrenius Hall, the grantor in the deed to Anna Deuter, are shown, which are sufficient to rebut the presumption that the property was conveyed to Anna Deuter as a settlement or gift.

The cases of *Skahen* v. *Irving,* 206 Ill. 597, *Pool* v. *Phillips,* 167 id. 432, *Wormley* v. *Wormley,* 98 id. 544, and *Adlard* v. *Adlard,* 65 id. 212, are referred to by counsel for the appellant in support of their theory, that Anna Deuter held the property in question under a resulting trust in favor of her husband. It is unnecessary to set forth in detail the facts of the cases thus referred to. It is sufficient to say that such

facts and circumstances, as are shown to have existed in those cases as indicating an intention not to make a settlement but to establish a resulting trust, are not shown to exist in the case at bar. As, therefore, the appellant here, cross-complainant below, did not introduce such proof as rebutted the presumption that the property was conveyed to Anna Deuter as a settlement, we are of the opinion that the court below decided correctly in holding that there was no resulting trust, and that the property was owned by Anna Deuter.

*Second*—The second question is, whether or not the trial court erred in dismissing the cross-bill for want of equity. We think there was no error in the action of the trial court in this respect. The subject matter of the cross-bill was not germane to the subject matter of the original bill. The original bill was filed by the heirs of Anna Deuter for the partition among themselves of certain land inherited by them from Anna Deuter. John F. C. Deuter was deceased at the time of the filing of the original bill, and by his decease all his interest in the two parcels, Nos. 2 and 3, of dower or otherwise had ceased. The cross-bill introduced into the case another parcel of land, not mentioned in the original bill, and prayed that this vacant parcel No. 1 should be sold for the purpose of paying debts due, not from the estate of Anna Deuter, but due from the estate of John F. C. Deuter, deceased. Where a bill is filed for the partition of one piece of property, belonging to the estate of one person, and a cross-bill is filed to sell another piece of property, belonging to the estate of another person, for the payment of the debts of the latter, it cannot be said that the relief, sought by the cross-bill, is germane to the relief asked for in the original bill. Parcel No. 1, which was introduced into the case by the cross-bill, belonged to John F. C. Deuter at the time of his death, and the title thereto never had been in his wife, Anna Deuter.

For the reasons above stated, the decree of the circuit court is affirmed.                    *Decree affirmed.*