JOHN MANTERNACH, Appellee, *vs.* AUGUST T. STUDT *et al.* Appellants.

*Opinion filed June 16, 1909.*

· 1. JUDICIAL SALES—*what does not estop minor to deny validity of administrator's sale.* The fact that a minor receives care, maintenance and education from his mother, who, as the principal creditor of the estate, was the purchaser at a sale by the administrator *de bonis non* of property in which the minor had inherited an interest from his father, does not estop the minor to deny the validity of the sale, which was void for want of jurisdiction over the minor and had no effect to transfer his interest.

2. SAME—*doctrine of caveat emptor applies to administrator's sale—the doctrine of subrogation does not apply.* The doctrine of *caveat emptor* applies to a sale by an administrator to pay debts of the estate which are not liens on the land, and if the title of the purchaser at the sale fails for want of jurisdiction, he is not entitled, in equity, to be subrogated to the claims of creditors paid with the purchase money.

3. EQUITY—*scope of the maxim "he who seeks equity must do equity."* The maxim, "he who seeks equity must do equity," requires a complainant to recognize and admit equitable rights and claims of his adversary growing out of the same subject matter; but a court of equity is not entitled to deny relief to a complainant because he will not do something to which the defendant is not entitled under the principles of equity.

4. SAME—*when minor may rightfully disregard administrator's sale.* Where a sale, by an administrator, of land in which a minor has inherited an interest from the deceased is void on its face for want of jurisdiction of the minor, service for him having been made upon his mother, who was the principal creditor and the purchaser at the sale, the minor is entitled to disregard the sale, and will not be required in equity, as a condition precedent to his right to partition, to re-imburse a grantee of his mother for his share of the purchase money received by her but which he has not received or retained, except it be in care, maintenance and education.

5. PARTITION—*when a former administrator is not a necessary party.* A person who, as administrator *de bonis non,* made a sale of land in which a minor had inherited an interest is not a necessary party to a proceeding to partition the land begun by the minor some fifteen years after the settlement of the estate and the discharge of the administrator, against whom no relief was sought by the bill and whose interest was in no way affected by the decree.

6. SAME—*rule where one tenant in common makes improvements.* Where one tenant in common has improved the property and a bill is filed by another for partition, the court will, if possible, allot the portion improved to the one making the improvement without taking into account the value of the improvement, and if such a division cannot be made the court will, upon proper proof being made, allow to the one making the improvement the increased value of the premises caused thereby, but not the cost of the improvement.

7. APPEALS AND ERRORS—*the trial court cannot err if it follows opinion of the Supreme Court.* Where a cause is remanded by the Supreme Court the trial court cannot err if it follows the opinion of the Supreme Court in the further proceedings of the case, and arguments that it erred in so doing will receive no attention by the Supreme Court upon further appeal.

8. SAME—*mere reservation of question by trial court presents no question for decision.* The fact that the trial court, by its decree in a partition proceeding, reserves the question of solicitors' fees for further consideration, does not present any question for decision by the Supreme Court in that respect.

APPEAL from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

BULKLEY, GRAY & MORE, for appellants.

MASON & WYMAN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Most of the questions presented and argued by counsel for appellants were before the court on a former appeal and were then finally settled. (*Manternach* v. *Studt,* 230 Ill. 356.) The court decided that the proceeding in the probate court of Cook county to divest the appellee, John Manternach, of the undivided one-fourth of the lot described in his bill for partition, inherited from his father, Peter Manternach, was null and void for want of jurisdiction over appellee; that he was not bound by the warranties contained in a deed of said lot executed by his mother,

for the reason that he did not claim any title through her, and that his suit was not barred by any statute of limitations. When the cause was re-instated in the superior court a cross-bill was filed by the appellants, August T. Studt, Sofie Studt, John Nagl and Mary Nagl, the principal defendants to the original bill, by which they made Alexander S. Maltman, administrator *de bonis non,* an additional party, and set up proceedings in the probate court in the guardianship of appellee; the payment of $42.20, balance of the proceeds of the sale, to appellee's mother, as guardian; the fact that she supported and cared for him as a minor up to her death, and the payment of taxes on the premises and the improvement of the same by the erection of a flat-building thereon in the year 1897. Appellee filed exceptions to portions of the cross-bill, and the exceptions were sustained. The same evidence taken before the former appeal was heard by the court and some additional evidence, and the court entered a decree dismissing the cross-bill as to the appellee for want of equity, and finding that he was the owner of an undivided one-fourth of the lot and the appellants John Nagl and Mary Nagl each owned three-eighths thereof. By the decree commissioners were appointed to make partition of the lot if susceptible of division without manifest prejudice to the parties, and if not susceptible of such division, to appraise its value, and it was ordered that the cause be referred to a master in chancery to take an account of rents and profits and to report the same to the court; that in case of sale the proceeds should not be disbursed until the settlement of the account, and that the question of solicitors' fees be reserved for further consideration by the court. From that decree said August T. Studt, Sofie Studt, John Nagl and Mary Nagl took this appeal.

The superior court could not err in adopting the opinion of this court on the former appeal as a guide to a correct conclusion in the further proceedings in the case,

and no attention will be given to arguments that the court erred in so doing.

The first question proper to be considered is whether the court erred in sustaining exceptions to the portions of the cross-bill setting out that appellee's mother supported him in his minority, up to her death; that he admitted the correctness of the guardian's account, and was bound to take notice of what estate his father left and from what estate he got his support, and that he had notice of the proceedings in the probate court or was bound to take notice of them. The care, maintenance and education of appellee by his mother, alleged in the cross-bill, could not operate to estop him from denying the validity of the sale, which was void and had no effect to transfer his property. None of the accounts showed that he received or retained, when he became of age, any part of the proceeds of the sale or that he ratified or confirmed the proceeding in any manner, and the court did not err in sustaining the exceptions.

Alexander S. Maltman, the administrator *de bonis non* who made the sale, was a defendant to the cross-bill and answered it, and it is now insisted that the decree ought to be reversed because he was not made a defendant to the original bill. If there was anything in the point, it was in the case when it was considered before and the point was not made then. But he was not a necessary party. The estate had been settled and the administrator discharged for more than fifteen years before the original bill was filed. It was simply a bill for partition, and there was not only no administrator, but the bill sought no relief against Maltman. His interest was in no way affected by the decree.

On the former appeal it was held that the suit was not barred by any statute of limitations, but it was stated that there was some controversy as to the age of appellee, and the fact was not decided. Some further evidence was taken under the claim that the suit was barred; but whether the filing of the cross-bill and the taking of such evidence was

proper or not, the legal conclusion was unaffected. The evidence was that appellee was twenty-four years old on July 27, 1906, and he was therefore within the exception to sections 6 and 7 of the Statute of Limitations. Section 4 of the statute does not apply, for the reason that appellants did not show a connected title in law or equity, which is required by that section.

The principal argument is, that the court erred in entering a decree for partition without requiring appellee to re-imburse the appellant August T. Studt with the amount of money received by appellee's mother for his share of the purchase money, and one-fourth of all taxes and special assessments, and a like share of the value of the improvements on the lot. At the same time appellants deny that appellee is entitled to any interest in the improvements, and propose, as an alternative to the foregoing, that the court ought to have ordered the real estate sold separate from the improvements, and if it should not sell for more than $1975, that the appellee would not be entitled to anything. Counsel say that both these propositions are based on the maxim that "he who seeks equity must do equity," and that the appellee must not be permitted to eat up the proceeds of the sale while he is an infant, and within three years after becoming of age claim the property without recompensing the purchaser for the nourishment received. As a matter of fact, the court found that the $42.20, balance of the proceeds of the sale, was never received by the appellee from his guardian, and that subsequent to attaining his majority he never had any part of said sum, and this was in accordance with the evidence. We have already expressed an opinion that the maintenance of appellee by his mother had no effect to validate the void proceeding and sale.

If a complainant asks a court to grant to him equitable relief, the maxim that "he who seeks equity must do equity" requires the complainant to recognize and admit the equitable rights and claims of his adversary growing out of

the same subject matter. A court of equity will not give equitable relief unless the complainant concedes corresponding equitable rights of the defendant, but a court cannot deny to a complainant his rights unless he will do something to which the defendant is not justly entitled by the principles of equity. In this case the appellee takes title to the undivided one-fourth of the lot by descent from his father, and is entitled to disregard the proceeding and sale, which were void for want of jurisdiction. So far as his title is concerned, a court of law would recognize and enforce his right as fully and freely as a court of equity, the infirmity of title being apparent on the face of the record, which showed service for the minors on the principal creditor. An heir might be prevented from questioning a sale without restoring what he had received under it, but in this case the appellee did not receive anything. The doctrines applicable to the facts of this case are: that the rule *caveat emptor* applies to the sale; that the debts of the estate of Peter Manternach were not liens on the lot and the doctrine of subrogation has no application; and that where the title of a purchaser at an administrator's sale fails for want of jurisdiction, he is not entitled, in equity, to be subrogated to the claims of creditors paid by the purchase money. (*Burr* v. *Bloemer,* 174 Ill. 638; *Bishop* v. *O'Conner,* 69 id. 431; *Borders* v. *Hodges,* 154 id. 498; *Heppe* v. *Szczepanski,* 209 id. 88.) The decisions relied upon by appellants were made in cases where the sale was voidable, merely, at the election of an interested party, and where the court was asked to administer equitable relief. In the case of *Kinney* v. *Knoebel,* 51 Ill. 112, a judgment against a testator was employed as a means of selling real estate which was susceptible of division, for the purpose of raising money, beyond the amount of the judgment, to pay other debts of the estate. On a bill filed to redeem from the sale it was held to be fraudulent for the purpose of accomplishing under the forms of the law what the law did

not authorize; but as the purchaser had acted fairly and without fraud, and the purchase money relieved the estate from all indebtedness and gave a surplus to the executor for the benefit of the heirs, it was made a condition of the redemption that appellants should pay the purchase money, with interest, and taxes, and also for lasting improvements. In *Ebelmesser* v. *Ebelmesser,* 99 Ill. 541, the administrator was indirectly a purchaser at his own sale, and it was held that the purchase was not void but only voidable, and the administrator would be treated as a trustee and entitled to an account. Manifestly, in such a case the heirs or devisees might prefer to affirm the sale on account of the amount of the purchase price or for other reasons, or they might elect to have the sale set aside and the administrator treated as a trustee for them. *Lagger* v. *Mutual Union Loan Ass.* 146 Ill. 283, was a similar case, where an administratrix was a purchaser at her own sale. The doctrine that an administrator buying at his own sale becomes a trustee was again applied, and it was held that a bill could be maintained to have the sale set aside, on application, within a reasonable time, when the trustee would be entitled to an account. In *Bruschke* v. *Wright,* 166 Ill. 183, the court had jurisdiction of the parties but set aside the foreclosure sale on account of the failure of the purchaser to fulfill his agreement to buy the equity of redemption. The sale was voidable, only, and on ordering a re-sale the court protected the assignee of the certificate of purchase acting in good faith, which was in accordance with settled principles of equity. All the cases cited by appellants are of like character and were decided on the same principles.

It was proved that the tenants in common, together owning the undivided three-fourths of the lot, improved it in 1897 with a three-story flat-building. In case one tenant in common improves the property, if a bill is filed for partition the court will, if possible, allot the portion improved to the one making the improvement, without taking into ac-

count the value of the improvement. (*Louvalle* v. *Menard,* 1 Gilm. 39; *Dean* v. *O'Meara,* 47 Ill. 120; *Noble* v. *Tipton,* 219 id. 182.) If such a division cannot be made, the court will allow to the one making the improvement the increased value of the premises caused thereby, and not the cost of the improvement. (*Mahoney* v. *Mahoney,* 65 Ill. 406; *Cooter* v. *Dearborn,* 115 id. 509.) But in this case appellants offered no evidence of the value of the land separate from the improvements or the extent to which the improvement enhanced the value of the lot, and the record is in the same condition as in the case of *Heppe* v. *Szczepanski, supra,* where the court was unable to determine what ought to be done concerning the improvements. Apparently the flat-building covers the whole frontage of the lot, and partition could not be made so as to give John Nagl and Mary Nagl a part covered by the improvements, and there is nothing in the record from which the court could charge appellee with his proportion of the amount which the improvements added to the value of the lot. There was no error in the decree as entered.

The court referred the cause to a master to state an account of rents and profits, and also provided that in case of sale the proceeds should not be disbursed until the adjustment of the account. In stating the account the amount which the improvements add to the value of the premises may be taken into consideration. The provision that the proceeds of a sale shall not be disbursed until the adjustment of the account, will enable the court to protect the equitable interests of the parties in case a sale shall be necessary.

Complaint is made that the court reserved the question of solicitors' fees for further consideration, but any action which the court may take in the future cannot be passed upon now and the propriety of it determined. The mere reservation does not present any question for decision.

The decree is affirmed.                    *Decree affirmed.*