JACKSON ET AL. *v.* WILSON ET AL.

[No. 13,003. Filed December 16, 1927. Rehearing denied March 30, 1928. Transfer denied July 17, 1928.]

638

*D. P. Sevald,* for appellants.
*Bruce B. Loring,* for appellees.

NICHOLS, J.—Action by appellee Wilson for partition and sale of real estate and improvements, alleging said real estate was indivisible. He alleged that he was an owner of an undivided nine-twenty-first of said real estate, and that appellant and coappellees were also respectively the owners of undivided shares therein, and further, that he was the sole owner of certain buildings and improvements located thereon and he prayed that said real estate be declared indivisible, and that it be ordered sold by a commissioner, to be appointed by the court, and the proceeds thereof be distributed according to the respective interests of the parties therein. All defendants were duly notified, and those who did not appear and answer were defaulted and a guardian *ad litem* appointed for the minor defendants. The court found that said real estate was not susceptible of partition, that it was of the probable value of $1,500, that appellants Jennie B. Jackson, Florence Alyea and Goldie Sell, and appellees Sterling A. Wilson, Allen Dutcher, Thorval Dutcher, Sophia Smith, Burt Brockway, Grace Brockway, Hazel Brockway and Gladys Brockway, together with —— Brockway, whose true Christian name is unknown, were the sole owners as tenants in common of said real estate, further stating that at that time it made no finding as to the respective interests

which each of said parties had in said real estate or the buildings located thereon. A commissioner to sell was duly appointed, who was ordered to pay the proceeds arising from the sale of said real estate to the clerk of said court to be held by said clerk and to be distributed according to the further order of this court. It thus appears that the court expressly retained jurisdiction of the case for purposes of distribution. The commissioner reported the sale of the real estate, which was approved and deed ordered, and the proceeds, $1,294, were paid to the clerk subject to the further order of the court. Afterwards, on December 23, 1925, appellee Wilson petitioned the court for a distribution of said proceeds of the sale. Appellants, Jennie B. Jackson, Florence Alyea and Goldie Sell, also petitioned the court for a distribution thereof. Said petitions were submitted to the court, and the court found, after hearing evidence that said real estate sold by said commissioner consisted of three acres on which there were a five-room dwelling house and two chicken coops, and that said house and chicken coops had been erected by appellee Wilson alone, and paid for by him, and that the proper proportion for the buildings of the net sale price for said three acres with buildings sold by said commissioner was $1,164, and that the proper proportion for the three acres of land was $130, and ordered that the money so paid to the clerk be divided, providing that appellee Wilson was to be paid $1,164 for said improvements, and the $130, being the value of the real estate, was ordered divided among the owners of the real estate according to their respective shares therein.

After appellants Alyea and Sell's motion for a new trial was overruled, appellant Jackson's motion to set aside the judgment rendered upon default, and her motion for a new trial, were each overruled, and appellant Brockway's petition to set aside the judgment and to be made

party defendant, and her motion for a new trial were each overruled, this appeal. We consider these rulings as presented by appellants.

Appellants first argue that it does not appear that the improvements made by appellee Wilson were necessary to the enjoyment of the estate, nor that they were made with the consent of the cotenants, and that therefore there can be no recovery therefor. But it does appear that, at the time appellee made the improvements, he, in good faith, believed that he was the owner of the whole title to said real estate, and that he did not discover to the contrary until about four years thereafter when he was having made an abstract of the title of such real estate for the purpose of a sale thereof. Under such circumstances, appellee Wilson, on equitable principles, was entitled to have the value taken into account in partition proceedings. *Carver* v. *Coffman* (1887), 109 Ind. 547, 10 N. E. 567; *Alleman* v. *Hawley* (1889), 117 Ind. 532, 538, 20 N. E. 44.

Appellants Sell and Alyea complain that the rents and profits of the real estate were not taken into consideration, and that the court erred in refusing to permit them to file their counterclaim presenting that question. The proceeds of sale were ordered distributed on December 23, 1926. On December 24, 1926, appellants Sell and Alyea presented their said counterclaim and asked that it be filed. This was too late, and the court did not err in refusing to permit it to be filed. The question of the rents was not in any way presented to the court.

Appellant Bernice Brockway contends that the court erred in denying her petition to open the judgment and for leave to file an answer and to defend, citing, to sustain her contention, §651 Burns 1926. This section provides that:

"Parties against whom a judgment has been rendered without other notice than the publication in a newspaper as herein required, except in cases of divorce, may, at any time within five years after the rendition of the judgment, have the same opened, and be allowed to defend."

But she states in her verified petition that she was not made a party defendant to the action nor was she a party plaintiff. Such being the case, she has no rights under the section quoted, she is not bound by the proceedings and judgment herein, and yet has her day in court to protect her interest in said real estate, which, assuming but not deciding as to her, that appellee Wilson's claim for the value of the improvements placed by him on said real estate cannot be defeated, would be so small as merit but little attention by the courts.

Appellee Wilson having averred his claim to the value of the improvements on the land, and the court having expressly retained jurisdiction of the cause for purposes of distribution, the court had full jurisdiction for that purpose, either on petition or without petition therefor, without notice to appellants as to such distribution.

We find no reversible error.

Affirmed.

## ON PETITION FOR REHEARING

NICHOLS, J.—On rehearing, appellants rely upon *Elrod* v. *Keller* (1883), 89 Ind. 382, to sustain their contention that appellee Wilson is not entitled to recover for the improvements made upon the real estate involved. But that case is an unfortunate citation for appellants. On page 387 of the opinion, the court says:

"It is also well settled that if improvements are made under the mistaken belief that the tenant

owns the land, an allowance will be made in proceedings for partition for the amount that the land is enhanced in value. 1 Story, Eq. Jur. §655; *Conklin* v. *Conklin*, 3 Sandf. Ch. 64; *Scott* v. *Guernsey*, 48 N. Y. 106, and authorities cited."

While, in the instant case, the court has found the value at the time of the trial of the improvements, made by appellee at his own expense while he was mistakenly believing that he owned the whole title, it has also found the value of the land without such improvements to be $130. Appellants' respective proportions of the value of the real estate is all that they are in equity entitled to receive. No question of rents was presented.

It is true, as appellant says, that the complaint contains no averment that at the time appellee made the improvements on the real estate involved, he believed in good faith that he was the owner of the whole title thereto in fee simple, but, by uncontradicted evidence given by appellee, it appears that, at the time improvements were made, he did, in good faith, believe that he was such owner, and the said complaint will now be deemed to have been amended to conform to such proof. It is well established that after trial, the complaint will be deemed amended to correspond to the evidence that right result may be reached.

Rehearing denied.

Dausman, J., absent.