MARTINDALE v. ALEXANDER and Another.

PARTITION OF LAND.—Section five of the act concerning the partition of lands (2 G. & H. 362), does not change the rights of tenants in common as they existed before the passage of the act.

SAME.—PRACTICE.—It is an application to proceedings for partition, of the rule of the code which allows the equitable as well as the legal rights of the parties to be settled in a single action.

SAME.—IMPROVEMENTS BY ONE TENANT IN COMMON.—Where several tenants in common are sued, under that act, by a co-tenant for partition, any one who has made improvements on the estate may set up, by cross-complaint, his equity for an allowance.

SAME.—Where one tenant in common has laid out money in improvements on the estate, a court of equity will, in making partition, assign to him that part of the premises on which the improvements have been made, or, before making the partition, it will direct an account, and that a suitable compensation be made for the improvements.

SAME.—To entitle a tenant in common, on a partition in equity, to an allowance for improvements made on the premises, it does not appear to be necessary for him to show the assent of his co-tenants to such improvements, nor a promise on their part to contribute their share of the expenses, nor that they were requested to join in the improvements, and refused.

APPEAL from the *Delaware* Common Pleas.

GREGORY, C. J.—*Alexander* filed his petition for the partition of certain lands, against *Dill* and the appellant. *Dill* made default. *Elizabeth Martindale* answered, that she admits that plaintiff and defendants own the real estate as tenants in common, as averred in the complaint, but avers that she has placed valuable and permanent improvements thereon, at her own expense, and out of her own funds, to the value of $1,000, which she claims to have allowed to her over and above her share of the lot sought to be partitioned.

A demurrer was sustained to this answer, and this is assigned for error.

The appellant then filed her cross-complaint, in which "she admits that she and the plaintiff, and the other defendant, are the owners in fee and tenants in common of the real estate described in the complaint, as charged, and have

been for the last five years, the same being an out-lot in the town of *Albany, Delaware* county, *Indiana;*" and defendant avers "that during that period she, with the knowledge and consent of the plaintiff and her co-defendant, erected on said lot, out of her own individual means, large, permanent and valuable improvements, viz., a business house, of the value of $1,000, at the commencement of this action, and at this time, which is over and above any improvements placed thereon by either of the other owners, and over and above any interest they have in the property." Prayer "that an account be taken of said improvement, and that the other owners be directed to pay the value thereof before partition, or that partition be made so as to give her the portion of the lot on which the improvement is made, or in such other manner that she may receive the sum of $1,000, over and above the one-third of the value of the remainder of the property, and for general relief."

A demurrer was sustained to this cross-complaint, and this presents the only remaining question in the case at bar.

The code provides a uniform proceeding for all existing rights, whether in law or equity, including the partition of real estate. 2 G. & H. § 626, p. 288; *id.* § 803, p. 337. We do not think that the fifth section of the act concerning the partition of lands (2 G. & H. 362), in any way changes the rights of tenants in common, existing at the time of the passage of the act. It simply provides, in accordance with those rights, that "any person interested in such estate may appear and plead any matter tending to show that the petitioner ought not to have partition as prayed for." This is only recognizing the rule of the code, that you may settle in the same case the equitable as well as the legal rights of the parties.

"When one tenant in common lays out money in improvements on the estate, although the money so expended does not, in strictness, constitute a lien on the estate, yet a court of equity will not grant a partition, without first directing an account, and a suitable compensation; or else

in the partition it will assign to such tenant in common that part of the premises on which the improvements have been made." "To entitle the tenant in common to an allowance, on a partition in equity, for the improvements made on the premises, it does not appear to be necessary for him to show the assent of his co-tenants to such improvements, or a promise, on their part, to contribute their share of the expense; nor is it necessary for him to show a previous request to join in the improvements, and a refusal." *Green* v. *Putnam*, 1 Barb. (S. C.) 500; *Swan* v. *Swan*, 8 Price's R. 518. And although it is proper to be set up in the partition suit, yet, as it is an equity for the consideration of the court in settling the rights of the parties, we think it cannot be set up in an answer in bar of the action. In the case in judgment it was properly set up in the cross-complaint, and the court below erred in sustaining the demurrer thereto.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to overrule the demurrer to the cross-complaint, and for further proceedings.

*W. March*, for appellant.

*C. E. Shipley* and *A. Kilgore*, for appellees.