STAFFORD and Another *v.* NUTT and Others.

PARTITION.—*Pleading.*—*Cross Petition.*—A claim of defendants in a suit for partition, for the value of improvements made on the real estate, must be presented by cross petition, and should be filed before the judgment of partition and the appointment of commissioners; but it is not error for the court, in its discretion, to entertain such petition for the adjustment of the rights of the parties, after the commissioners have filed a report of partition.

SAME.—*Improvements.*—Where a report of partition has been made, and a cross petition for the adjustment of improvements has thereafter been filed, and the value of improvements made by the defendant ascertained, the plaintiff has a right to pay his share of the value of the improvements, in money, and retain his full share of the common property; and if the plaintiff so elects to pay in money, the report of the commissioners should be affirmed; and in such case, it is error to vacate the original judgment of partition, and proceed anew to render judgment and appoint new commissioners to make partition.

APPEAL from the Montgomery Circuit Court.

WORDEN, J.—This was a petition for partition by the appellants against the appellees. The land to be parted belonged to Edmund Nutt, who died, leaving it to his heirs, the plaintiff Lucinda, formerly Lucinda Nutt, and the defendants, Jonathan, John, Aaron, Sandford, and William Nutt. There was a large quantity of land, amounting in value to over one hundred thousand dollars. The land was to be divided into six equal parts, or rather, the plaintiff Lucinda was entitled to one-sixth part thereof.

The defendants appeared and filed their answer, admitting the allegations of the petition as to heirship and ownership of the land, but asking that there be no partition of their shares of the land, desiring to hold the same in common.

The cause was submitted to the court for trial, and the court found that the plaintiff Lucinda and the defendants were the owners of the land in fee simple, as tenants in common. Judgment of partition was awarded, and that one-sixth of the land in value be assigned and set apart, by metes and bounds, to said Lucinda Stafford, and that the residue of the premises be assigned and set apart to the defendants, so that they might hold the same in common. Accordingly,

Thomas Beard, John Lee, and Cornelius Canine were appointed commissioners to make the partition, who, on the 21st day of September, 1867, returned into court their proceedings under the order, showing that they had parted the land in pursuance of the order of the court. Up to this point the proceedings all seem to have been regular and proper.

At the March term of the court, 1868, the defendants filed objections to the confirmation of the report of the commissioners. The substance of the objection to the report is, that each of the defendants had been in the possession of separate parcels of the land, had made lasting and valuable improvements thereon since the death of their ancestor, and that the commissioners estimated the land as if the improvements had been made by their said ancestor. Wherefore, they claimed that the partition thus made was unequal and unjust towards them, and that the report of the commissioners ought not to be confirmed. They alleged, as a reason why their claim for improvements was not set up before, or at the time the judgment of partition was rendered, that, although they then knew all the facts, they were "uninformed and mistaken in regard to their right in said suit to have their claims adjusted for said improvements," &c. They prayed that the judgment of partition be set aside, and that the defendants be permitted to set up the facts by way of cross petition. The court thereupon set aside the interlocutory order or judgment for partition, and gave the defendants leave to file a further answer.

The defendants then filed an answer, admitting all the allegations in the petition, and asking that the share of each defendant be set off to him in severalty; and by way of cross petition setting up their claims for improvements, and asking that the same be adjusted.

Issues were made up, and the cause, as to the improvements, was submitted to a jury, who returned, by way of answers to interrogatories, the amount of improvements made by each of the defendants since the death of their ancestor. The plaintiff then offered to pay into court for the

use of the defendants, her share of the value of said improvements, and moved the court that upon such payment, the order of the court setting aside the interlocutory judgment of partition be set aside, and that the report of the commissioners be confirmed; but the court overruled the motion, and the plaintiff excepted.

The court then proceeded to try the partition branch of the case anew, and after having found that the plaintiff Lucinda and the defendants were each entitled to an undivided one sixth of the premises as tenants in common, proceeded to render judgment of partition thereof, and appointed new commissioners for that purpose, who subsequently made their report, setting off the share of each of the parties in severalty.

The plaintiff filed objections to the report of these commissioners on the ground, chiefly, that the land set apart to her was not one-sixth in value of the whole, and not equal in value to the share set apart to each of the defendants, and a jury was empaneled to try this question, who returned, in answer to interrogatories, that the value of the whole land was one hundred and three thousand six hundred sixty-nine dollars; that the share set apart to the plaintiff was of the value of seventeen thousand one hundred fifty-four dollars; and that her share as thus set off to her was not equal in value to one sixth of the whole. The plaintiff moved for a new trial of the question thus submitted to the jury, on the ground of error in excluding evidence offered by the plaintiff and erroneous instructions, but the court overruled the motion, exception being taken by the plaintiff; and thereupon the court ordered that the report of the commissioners (the last set) be confirmed, on the defendants paying to plaintiff the sum of one hundred and twenty-four dollars and sixteen cents, to make her share equal to one sixth of the whole.

We have thus stated the leading features of the record, omitting, however, many matters unimportant to an understanding of the ground upon which we place the cause. We may observe that the plaintiff offered evidence on the trial

of her objections to the report of the last commissioners, which was rejected, but which we think was competent; but in our opinion an error was committed in an earlier stage of the cause.

The claim for the adjustment of the improvements, we have seen, was not made until after the judgment of partition, the appointment of commissioners, and the return of their report into court. The claim for improvements could only be properly made by cross petition. *Martindale* v. *Alexander*, 26 Ind. 104. Regularly, the cross petition should have been filed before the judgment of partition and the appointment of commissioners, in order that the rights of the parties might have been adjusted and the duty of the commissioners clearly pointed out.

There is no very substantial reason alleged why this was not done, but we have concluded, as the matter was much in the discretion of the court, to hold that it was not erroneous to entertain the cross petition for the adjustment of the rights of the parties in respect to the improvements at the time it was done. But when the value of the improvements had been ascertained by the verdict of the jury, the plaintiff very clearly had the right to pay her share of the value of the improvements, and have the partition and report of the commissioners confirmed. She offered to make such payment, and asked such confirmation. No other question in the cause remained to be settled or ascertained. Whether payment *in money* can in any case be coerced, for improvements made by one tenant in common, without the consent or request of his co-tenant; or whether the adjustment must be made in the division of the property by setting off to the party making the improvements the improved portion, or a greater share in value of the property than he would otherwise be entitled to, are questions that do not arise in the record, and we, therefore, express no opinion upon them.

But we are very clearly of the opinion that where improvements have been thus made by one tenant in common, his co-tenant has a right to pay his share of the value of the

In this case, the plaintiff elected to pay in money for her share of the value of the improvements, and this she had an unquestionable right to do ; and, therefore, we think the court erred in overruling her motion to set aside the order vacating the original judgment of partition, and to confirm the report of the commissioners first appointed.

The judgment below is reversed, back to the return of the verdict of the jury as to the value of the improvements, with costs, and the cause remanded, with instructions to the court below to confirm the original judgment of partition, and the report of the commissioners first appointed, viz., Thomas Beard, John Lee, and Cornelius Canine, upon the payment by the plaintiff into the office of the clerk of the court below, for the use of the defendants who may be entitled thereto, of a sum equal to one-sixth of the value of the improvements made on the land by the defendants, or such part of said sum as may remain unpaid, the value of the improvements to be determined by deducting therefrom the value of the materials taken from the land for such improvements, as found by the jury.*

*J. Buchanan,* for appellants.

*J. McCabe,* for appellees.

* Petition for a rehearing overruled.