Elrod *et al. v.* Keller *et al.*

ELROD ET AL. *v.* KELLER ET AL.

PARTITION.—*Tenants in Common.—Improvements.—Payment for.*—Where one tenant makes valuable and lasting improvements upon the common property without the knowledge or consent of his cotenant, he can not compel such cotenant to contribute anything toward the payment of such improvements.

SAME.—*Allowance for Improvements.*—When a tenant has made improvements without the consent of his co tenant upon a portion of the common property, a court of equity, in making partition of such property, will set apart to such tenant the portion so improved by him, if it can be equitably done.

SAME.—Where improvements thus made affect the entire property, compensation will not be made upon partition unless the improvements were necessary or useful to the enjoyment of the estate.

SAME.—Where improvements are thus made upon property not susceptible of division, no allowance will be made for such improvements from the proceeds of such property, unless such improvements were made with knowledge and without objection from the cotenants, or were necessary to the enjoyment of the estate, or were made under such circumstances as create an equitable claim for them.

From the Montgomery Circuit Court.

*A. Thomson, T. H. Ristine* and *H. H. Ristine,* for appellants.
*J. M. Thompson* and *W. H. Thompson,* for appellees.

BEST, C.—The appellants, Elizabeth Elrod and her husband, Martha B. Lewis and her husband, and Joseph W. Vancleave, brought this action against the appellees, Annetta Keller and Daniel Keller, her husband, for the partition of certain lands alleged in the complaint to be held by them as tenants in common and to be indivisible.

Annetta Keller filed a cross complaint, in which she alleged that she had been in the possession of said lands for the last eight years, and that during that time she had, with the consent of her cotenants, made permanent improvements upon said lands of the value of $1,000, for which she claimed a lien as against her cotenants, and asked to be allowed said sum out of the proceeds of said property before division among the parties.

The land was sold and the proceeds paid to a commissioner, after which the appellants filed an answer to the cross complaint, in which they allege that said Annetta and her husband rented said premises of her cotenants in 1871, for which they agreed to pay them $125 per year; that they at once took possession of said lands, and have since continued in possession of them under said contract; that said lands were at the time well improved, and that the improvements since made were made by them for their own convenience, without the appellants' consent; that they have committed waste upon the land by cutting timber thereon of the value of $300, and that $500 of rents remain unpaid, all of which they ask may be deducted from said Annetta's share of the proceeds arising from the sale of said lands.

The issue thus formed was submitted to the court, with a request that the court find the facts specifically and state its conclusions of law thereon. This was done. The facts found are these:

1st. That Benjamin McMullen died in 1855 the owner in fee of the premises described in the complaint.

2d. That he left surviving him his widow, Elizabeth Elrod, and five children, viz., Martin, Joseph and Mary McMullen, Martha B. Lewis and Annetta Keller.

3d. That in 1872 Martin McMullen died intestate, without issue.

4th. That in 1879 Mary McMullen sold her interest in said land to Annetta Keller, and Joseph McMullen sold his interest to Joseph W. Vancleave.

5th. That on the 1st day of March, 1871, Annetta Keller and her husband rented all of said land except the interest of Annetta, and agreed to pay therefor $125 per annum.

6th. That said Daniel and Annetta Keller at once went into possession of said premises under said contract, and continued in possession until the 19th day of October, 1879, when the same was sold by the commissioner in this cause, who now holds the proceeds of said sale to be distributed to the several owners.

7th. That after said Kellers went into possession of said premises said Annetta made the following permanent and valuable improvements and repairs upon said premises to wit:

Erected a barn, of the value of . . . . . . . . . . $140.00
Planted an orchard, of the value of . . . . . . .   50.00
Cleared seven acres of land, of the value of . . . .   52.50
Made fences, new rails, of the value of . . . . . .   61.50
Moved and repaired house, of the value of . . . .   91.00
Dug and walled well, of the value of . . . . . . .   30.00

8th. That at the time said Annetta and her husband took possession there was a log-house and an unwalled well upon said premises.

9th. That said improvements were made without the knowledge or consent of said Elizabeth Elrod and Martha B. Lewis, both of whom were non-residents of the State of Indiana.

10th. That Joseph McMullen had knowledge of said improvements, but that Joseph W. Vancleave, at the time he purchased said interest, had no notice of any claim for improvements.

11th. That said Kellers, while in the possession of said land, paid $83.34 as taxes thereon, and cut timber from said land of the value of $86.

12th. That there is due Elizabeth Elrod as rent $50, and there is due Martha B. Lewis as rent $150.

13th. That said Kellers have had the exclusive benefit of said improvements since they were made, and have paid nothing for the use of them in addition to the $125 per annum.

The court, upon the foregoing facts, concluded that said Annetta was entitled to the sum of said improvements and the taxes paid, to wit, $508.34, less the value of the timber cut and the rent due said Elizabeth Elrod and said Martha B. Lewis—in all $286—and ordered the commissioner to pay her out of the proceeds of said sale the difference, to wit, $222.34.

An exception was properly taken to the conclusion of law, and this is assigned as error.

The appellees concede in this case that if no relation ex-

isted between said Annetta and the appellants other than that of landlord and tenant, the conclusion of the court can not be maintained, and hence no attention will be given to this branch of the case.

It is insisted, however, that, inasmuch as she was a cotenant in the premises, she is entitled to recover the value of the improvements made, whether made with or without the consent of her cotenants. This the appellants deny, and this is the question for decision.

The statute in force at the time these improvements were made provides that " If a joint tenant or a tenant in common, or tenant in coparcenary have, by consent, management of the estate, and make with knowledge, and without objection of his cotenant or coparcener, useful or necessary improvements, the cotenant or coparcener shall contribute ratably thereto."

Under this statute, upon the facts found, the appellee Annetta could not compel her cotenants to contribute anything toward the payment of the improvements made.

Nor could payment be enforced by the general principles of the law, in the absence of the statute. *Lane* v. *Taylor,* 40 Ind. 495; *Taylor* v. *Baldwin,* 10 Barb. 582; *Scott* v. *Guernsey,* 48 N. Y. 106; Freeman Cotenancy & Partition, section 262.

Where one tenant has made improvements upon a portion of the common property without the consent of his cotenants, a court of equity, in making partition of the property, will set apart to such tenant the portion so improved if it can be equitably done. Freeman Cotenancy & Par., section 509, and authorities there cited.

Where improvements are thus made which affect the entire property, compensation will not be made upon partition unless the improvements were necessary or useful, as this would be but another mode of compelling contribution. *Nelson* v. *Clay,* 7 J. J. Mar. 138; Freeman Cotenancy & Par., sec. 510.

Where improvements are thus made upon land not suscep-

tible of division, and the improvements are not found to have been necessary to the enjoyment of the estate, can the value of them be allowed to the party making them from the proceeds arising from a sale of the land? This question must, we think, be answered in the negative. The appellees insist that the cases of *Stafford* v. *Nutt*, 35 Ind. 93, *Martindale* v. *Alexander*, 26 Ind. 104, and *Green* v. *Putnam*, 1 Barb. 500, hold that such allowance may be made. In this we think they are mistaken.

In *Stafford* v. *Nutt*, no question arose as to the right to recover for improvements made. This was conceded, and the only question decided was that a cotenant, to whom a full share had been allotted before the value of improvements were ascertained, had the right to pay his proportion of the value of such improvements, and thus prevent a re-division of the property.

In *Martindale* v. *Alexander*, it was held that a cross complaint for improvements made upon the common property, which alleged that they were made with the knowledge and consent of the cotenants, was sufficient upon demurrer.

In *Green* v. *Putnam*, a tenant who had consented to the erection of a building of a certain size upon the common property objected to the erection of a larger one, when that fact was learned, and in a proceeding for partition it was held that the tenant making the improvements was only entitled to the value of the smaller building.

In each of these cases language was employed which seems to support the position of the appellees, but, as this was unnecessary to the decision of the questions involved, it can not change or affect the decisions actually made. The decisions made in each of these cases do not support, but are opposed to, the position maintained by the appellees.

In addition to this the case of *Green* v. *Putnam*, from which the language in *Martindale* v. *Alexander*, *supra*, above alluded to, was taken, was reviewed in *Scott* v. *Guernsey*, 48 N. Y. 106, and it was there said that the ground, upon which the allowance for improvements in such case was made, was the consent of the cotenant. It, therefore, can not be said, as we

Elrod *et al. v.* Keller *et al.*

think, that these cases hold that an allowance will be awarded for such improvements made under the circumstances stated, and we know of no case that goes to this extent.

There is a line of cases holding that where a tenant makes improvements upon common property which is indivisible, a court of equity, upon a sale of the property, will allow such tenant the amount such property is enhanced in value by such improvement at the time of sale. *Dean* v. *O'Meara*, 47 Ill. 120; *Kurtz* v. *Hibner*, 55 Ill. 514 (8 Am. R. 665); *Moore* v. *Williamson*, 10 Rich. Eq. 323.

The facts found do not bring this case within the rule announced in the above cases. It is not found how much the property was enhanced in value by the improvements made. The value of the improvements is found, but it does not follow that the property was enhanced in value such sum at the time of sale or at the time they were made. Indeed, the nature of some of the improvements forbids any such conclusion if made any considerable length of time before the sale. The value of the property as improved is not found, and, for aught that appears, the allowance made may exhaust the entire proceeds of the sale. It is true that the order to pay the appellee Annetta $222.34 before distribution implies that something will remain; but she is also allowed the amount of rents due appellants, and there is nothing found to show that this allowance will not exhaust the entire proceeds of the sale. This is not, probably, the case, but the fact that it does not otherwise appear shows that the facts found do not authorize the conclusion drawn. The facts found do not, therefore, bring the appellee within this rule.

It is also well settled that if improvements are made under the mistaken belief that the tenant owns the land, an allowance will be made in proceedings for partition for the amount that the land is enhanced in value. 1 Story Eq. Jur., sec. 655; *Conklin* v. *Conklin*, 3 Sandf. Ch. 64; *Scott* v. *Guernsey*, *supra*, and authorities cited.

No such fact appears in this case, and, in the absence of a finding that they were made with notice and without objec-

tion from the cotenants, or were necessary to the enjoyment of the estate, or were made under such circumstances as create an equitable claim for them, no allowance can be made for them.  It may seem that if the improvements enhance the value of the estate, and this fact can be ascertained, the appellee is equitably entitled to the enhanced value of the property, but a determination of this question, which is nearly if not always a disputed question of fact, imposes upon cotenants, without their consent and to their prejudice, a burthen from which they derive no benefit and which they are compelled to assume to protect their interests.  Aside from the fact that a tenant has no legal right to the benefits of improvements thus made, this is a sufficient reason why the claim should not be entertained.  This view does no injustice to the tenant who desires to make improvements.  If he desires to do so he may notify his cotenants, and if they fail to object, or if the improvements are necessary to the enjoyment of the estate, they may be made without risk.  If unnecessary, and the consent of the cotenant can not be obtained, the estate may be severed.  The mere fact, therefore, that improvements enhance the value of the common property, does not entitle the tenant making them to an allowance for the difference in value, and if this fact were found it would not warrant the allowance.

It is not found in this case that the improvements were necessary, and this can not be inferred from the fact that they were valuable; nor can this fact be inferred from the nature of them though they, or some of them, are such as may have been necessary, and this fact should be found in order to do substantial justice between the parties.  The judgment should, therefore, be reversed, and a new trial ordered.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be and it is hereby reversed, at the appellees' costs, with instructions to order a new trial.

Opinion filed at the November term, 1882.

Petition for a rehearing overruled at the May term, 1883.