ANDREW COSGRIFF AND ANOTHER, APPELLANTS, *v.* WILSON P. FOSS AND OTHERS, APPELLANTS, IMPLEADED WITH WILLIAM DEWEY, RESPONDENT.

*Partition — a tenant who makes improvements for his own benefit, during the lease and while the owner of an undivided interest in the fee, cannot obtain an allowance for them in an action for partition.*

William Dewey, in 1889, leased property, containing a stone quarry, from Catharine Blauvelt for three years, with a right to use the quarry. In 1889 Dewey purchased an undivided interest in the land. In 1890, persons named Cosgriff, Conklin and Foss purchased the remainder. Dewey, while tenant, in order the better to work the quarry, made considerable improvements.

In January, 1891, Cosgriff brought an action to obtain a partition of the land in question, in which action Dewey interposed an answer setting up the fact that he had made certain improvements which had greatly enhanced the value of the premises:

*Held*, that the case must be decided as one between landlord and tenant, and without regard to the tenancy in common.

That the improvements of Dewey were made during the life of the lease, and as a new source of profit to himself, and his rights were only those of an outgoing tenant to remove fixtures.

That he could not claim for improvements which had been made on the lands for his own benefit.

APPEAL by the plaintiffs, Andrew Cosgriff and Jane Cosgriff, his wife, and by the defendants, William P. Foss, Anna De Baun Foss, his wife, and Jacob E. Conklin, from that part of a judgment of the Supreme Court, entered in the office of the clerk of the county of Rockland on the 12th day of April, 1892, by which the value of certain improvements made by said Dewey were directed to be deducted from the shares of the appellants and added to the share of Dewey, in addition to his share of the proceeds of sale of the premises described in the complaint; also from that part which confirmed the report of the referee, and overruled the exceptions thereto ; with notice of an intention to bring up for review upon the appeal an order of the Supreme Court, entered in said clerk's office on the 11th day of January, 1892, by which a reference was ordered to take proof of the value of such necessary and substantial improvements as have been made on the premises described in the complaint in this action by the defendant, William Dewey, if any, since August 31, 1889, other than ordinary repairs and other than such machinery,

buildings or other property as he is entitled to remove under his lease, fully set forth in the complaint, and report the same with his opinion thereon to this court.

The action was brought to obtain the partition of certain lands in Rockland county, and was tried before the Kings county Special Term.

*Irving Brown,* for the plaintiffs, appellants.

*Garrett Z. Snider,* for defendants Foss and Conklin, appellants.

*Arthur S. Tompkins,* for defendant Dewey, respondent.

BARNARD, P. J.:

Catharine Blauvelt, in March, 1889, was the owner of a piece of mountain land in Rockland county, on the west shore of the Hudson river, being one of the pieces described in the complaint. The tract consists of about ninety-six acres. There was then a stone quarry opened on the north end of the land along the Hudson river. The owner, in March, 1889, gave a three years' lease of the property for a stone quarry to William Dewey. The owner reserved her right to cut the wood on the land and to lease to other persons any part of the premises which could be used without injury to the said business of defendant. In August, 1889, Dewey purchased seven-sixteenths of the land. In August, 1890, the plaintiff Cosgriff and the defendants Conklin and Foss bought the remaining nine-sixteenths of the land. Dewey, while in possession as tenant, extended the quarry at considerable expense and deepened the access to the same from the river, and made docks to facilitate the working of the quarry and the delivery of the product therefrom. The referee has allowed for the expense of adding to the quarry and also for the river access. The court confirmed the report as to the quarry, but disallowed the same as to the expense upon the river front and in the river. The lease provided for neither. The tenant had, at least, a restricted right as tenant, but he had the first right to purchase at a price which any other person would give for the same. The tenant had the right to remove at any time during the lease " any machinery or buildings which he may erect or place on said premises." Foss and Conklin own the lease to Dewey. As between Mrs. Blauvelt and Dewey, Dewey could make no claim against the landlord. The improvements were made as a new source

of profit, and during the existence of the lease for years. Dewey bought subject to his own lease to Blauvelt, and so did his co-tenants in common; and Dewey attorned to them after they purchased. The leased expired in March, 1892, over a year after this action was commenced. The case should be decided without reference to the tenancy in common, but solely as between landlord and tenant. The lessee had the right to open quarries on the demised property for his own profit. He did so, and at the end of the lease he could take away his appliances and buildings. The case clearly resembles *Scott* v. *Guernsey* (48 N. Y., 106). In that case certain devisees of a remainder, during the existence of a life estate, made improvements, and they were held not entitled to recover. The case of a mere tenant making the improvements under a lease would be much stronger against his right to compensation. The case of *Ford* v. *Knapp* (102 N. Y., 135) does not change this rule. An old mill was owned by two persons. The interest of one was sold by execution. The other owner did what "was natural and normal to the use and character of the property, and such as joint-owners of equal ability might be expected to join in making." Pending the time of the sale, and of the period of redemption, a peculiar equity was thus presented which does not exist in this case. Here the improvements were made upon a bare hillside, and solely for the profitable return to a tenant for years. If we are right in this conclusion, it is not necessary to consider the question of the docks and improvements erected below high-water mark. The trial judge disallowed them, and we think that Dewey can recover for no improvements on the main land, because they were made for himself. He had the right to purchase and did not do so. The only right under the lease, as between himself and his co-tenants, was to take off such things as were provided for by the lease and during its existence.

The judgment should be modified so that the allowance for improvements be stricken out and the judgment otherwise affirmed, with costs to appellant out of the proceeds of the sale.

DYKMAN, J., concurred; CULLEN, J., not sitting.

Judgment modified by striking out allowance for improvements and affirmed in other respects, with costs to appellant out of proceeds of sale.