(83 N. W. Rep. 12.)

---

MARTIN P. GJERSTADENGEN, *et al vs.* WM. J. HARTZELL.

Opinion filed May 12, 1900.

### Administrator's Deed—Mistake of Law—Estoppel.

An administrator, who, as such, and under the direction of the Probate Court, sells land which, under a mistake of law, in which the purchaser shares, is believed to belong to the estate, but which in fact does not, and executes an administrator's deed therefor, without personal covenants, is not estopped by such deed from asserting title in himself; neither does the deed estop his heirs from asserting title derived from him. Gjerstadengen v. Van Duzen, 7 N. D. 612, 76 N. W. Rep. 233, followed.

### Receipt of Money Paid by Mistake of Law Does Not Operate as Estoppel.

*Held*, further, that the fact that such administrator individually received the entire proceeds derived from a sale of the land, the same being allowed and paid upon a debt due him from the estate, does not, under the circumstances of this case and set out in the opinion, estop him or his heirs from asserting title which he then had or thereafter acquired, which title was then unknown to him.

### It is Essential that Party Asserting Estoppel Should Suffer Loss.

*Held*, further, that it is essential to an estoppel which will defeat his title to the land that it shall appear that the party asserting the estoppel will suffer loss, unless the holder of the title is prevented from asserting it.

**Co-tenant Not Entitled to Compensation for Improvements in Partition.**

> This is an action in equity to partition farm lands owned by several co-tenants. One of the co-tenants demands that he be allowed compensation for certain breaking and backsetting done by a remote grantor in his chain of title. *Held* that, inasmuch as it does not appear that such improvements were necessary, or that they were assented to by his co-tenants, and it does appear that they were for the personal benefit of the person making them, and that the rents of the premises for the time he possessed them more than offset the value of such improvements, such claim should not be allowed.

**Demurrer to Counter Claim Sustained.**

> *Held,* that the demurrer interposed to the portions of the answer which set up facts by way of an estoppel to defeat plaintiff's title and the counterclaim for improvements was properly sustained.

Appeal from District Court, Ransom County; *Lauder,* J.

Action by Martin Peterson Gjerstadengen and others against William J. Hartzell. Judgment for plaintiffs. Defendants appeals. Affirmed.

*J. E. Bishop* and *C. D. Austin,* for appellant.

The action of *Gjerstadengen* v. *Van Dusen & Co.* was pending until its final determination on appeal on the 2d day of June, 1898. § 5739, Rev. Codes; *Aldrich* v. *Case,* 73 N. W. Rep. 161; *Martin* v. *Gilmore,* 72 Ill. 200; *Hills* v. *Sherwood,* 33 Cal. 478; *Brown* v. *Evans,* 18 Fed. Rep. 59; *Natzger* v. *Gregg,* 99 Cal. 83, 33 Pac. Rep. 757; *In re Blythe's Estate,* 99 Cal. 472, 33 Pac. Rep. 108; *Storey* v. *Storey,* 100 Cal. 41, 34 Pac. Rep. 675; *Brown* v. *Campbell,* 100 Cal. 635, 35 Pac. Rep. 433; *Fresno Mill Co.* v. *Fresno Canal Co.,* 101 Cal. 582, 36 Pac. Rep. 412; *Sharon* v. *Hill,* 26 Fed. Rep. 337, 346; § 1049, Cal. Code Civ. Pro.; *Washburn* v. *Van Steenwyk,* 32 Minn. 355; *Bryan* v. *Farnsworth,* 19 Minn. 239, 20 N. W. Rep. 324. No notice of *lis pendens* having been filed, defendant had not constructive notice of the pendency of the action. § 5251 Rev. Codes; *Head* v. *Fordyce,* 17 Cal. 152; *Mills* v. *Bliss,* 55 N. Y. 141; *Richardson* v. *White,* 18 Cal. 103; *Jewell* v. *Land Co.,* 64 Minn. 540; *Conkey* v. *Dyke,* 17 Minn. 457. The full title to the premises is in appellant as appears upon the face of the records, and respondents are endeavoring to establish a mere equity as against appellant, a bona fide purchaser, without any notice whatever thereof, either actual or constructive. Purchasers without notice are protected against mere equities. *Frost* v. *Beekman,* 1 Johns. Ch. 288; *Florence* v. *Leighler,* 58 Ala. 225; *Farmers' L. & T. Co.* v. *Maltby,* 8 Paige 361; *Paul* v. *Fulton,* 25 Mo. 156. The decree of the District Court in the Van Dusen & Co. case, not having been recorded in the register of deeds' office prior to the conveyance to the defendant, was not constructive notice. The statute provides that a decree must be recorded in the office of the register of deeds and is within the recording act. § § 3563, 3594, 3595, Rev. Codes. In

view of the fact that such a recordation is authorized, the record of such decree is constructive notice to subsequent purchasers of the property affected thereby. Storey, Eq. Jur. § 404; *Farmers L. & T. Co.* v. *Maltby,* 8 Paige Ch. 361. A decree in a chancery suit is not notice until it is recorded. *Roner* v. *Bingham,* 1 Ind. 542. Improvements made upon the property must be considered in the partition, and the allegations in reference to the same in the answer are not demurrable. *Dean* v. *O'Mera,* 47 Ill. 120; *Kurtz* v. *Hibner,* 55 Ill. 514; *Robinson* v. *McDonald,* 11 Tex. 385; *Sarbach* v. *Newell,* 30 Kan. 102; *Allen* v. *Hall,* 50 Me. 265. The right of a tenant in common to compensation for improvements made by him is not a legal right dependent upon a statute, but is a right enforcible in a court of equity. *Alleman* v. *Hawley,* 117 Ind. 532; *Ward* v. *Ward,* 29 L. R. A. 452, note E; *Green* v. *Putnam,* 1 Barb. 507; *Cosgriff* v. *Foss,* 152 N. Y. 104, 36 L. R. A. 753. When the appeal in the Van Dusen & Co. case was perfected, the force and effect of the judgment was destroyed, and it was dormant or ineffectual for all purposes during the pendency of the appeal. There being no statute authorizing or requiring a supersedeas bond in this class of cases, the appeal operates as a supersedeas. The common law rule is in force in the absence of statutory restrictions. *Hudson* v. *Smith,* 9 Wis. 116; *Hart* v. *The Mayor,* 3 Paige 381; *Birch* v. *Conrow,* 116 Pa. St. 121; *Woodbury* v. *Bowman,* 13 Cal. 635, 24 Am. & Eng. Enc. L. 586, note 5; *Wade* v. *Colonization Society,* 4 Sm. & Mar. 671. Where a suit is pending in the Supreme Court on appeal, the judgment below is suspended for, all purposes, and it is not evidence upon the questions at issue even between the parties. *Woodbury* v. *Bowman,* 13 Cal. 635; *Murray* v. *Green,* 64 Cal. 364; *Atkins* v. *Wyman,* 45 Me. 399; *Stalbird* v. *Beattie,* 36 N. H. 455; *Hutchraff's Ex'r.* v. *Gentry,* 2 J. J. Marsh, 499. The conveyance of the premises to appellant was after the appeal had been perfected, while it was pending, and prior to the entry of final judgment on the appeal. The decree, therefore, was inoperative even as notice at this time. *McGarrahn* v. *Maxwell,* 28 Cal. 92; *Yeaton* v. *U. S.,* 50 Cranch, 281; *Paine* v. *Cowdin,* 17 Pick. 142; *Davis* v. *Cowdin,* 20 Pick. 510. The counterclaim is properly pleaded and the demurrer to it should not have been sustained. Appellant, in addition to the claim for improvements asks affirmative relief. The rule is that where a defendant asks affirmative relief, it must be done by counterclaim or cross-bill. *German* v. *Machin,* 6 Paige Ch. 288; *Martindale* v. *Alexander,* 26 Ind. 105. A claim of defendant in partition suit for the value of improvements made should be presented by cross-bill. *Stafford* v. *Nutt,* 35 Ind. 95; Freeman on Co-tenancy, § 504. Partition is a proceeding in equity. *Packard* v. *King,* 3 Col. 211; *Mulligan* v. *Poole,* 35 Ind. 64; *Gooddale* v. *District Court,* 56 Cal. 29; Freeman on Co-tenancy, § 505.

*T. A. Curtiss* and *Morrill & Engerud,* for respondents.

This action is a sequel to the case of *Gjerstadengen* v. *Van Dusen,*

7 N. D. 612, and has been before this court before. *Gjerstadengen* v. *Hartzell,* 8 N. D. 424. The court below sustained plaintiff's demurrer to those parts of defendant's answer which set forth matters that had been adjudicated in the Van Dusen case, on the ground that the defendant was privy in estate to Van Dusen & Co., and concluded by that judgment. No notice of *lis pendens* was filed. Defendant bought the land after the Van Dusen judgment was entered. The Newman law does not restore the old chancery appeal. Hence, notwithstanding the Newman law provides for a hearing *de novo,* the appeal does not vacate the judgment of the trial court. Under the construction of the Newman law, it does not in reality provide for a trial *de novo* in the literal sense, or in the sense that a trial *de novo* was had on appeal under the old chancery practice. *Jasper* v. *Hazen,* 4 N. D. 1; *Christianson* v. *Ass'n,* 5 N. D. 438; *Nichols & Shepard Co.* v. *Stangler,* 7 N. D. 106. The Van Dusen case was tried after the amendment, chapter 5, Laws 1897. The effect of this amendment is to take out of the original statute the feature of the trial anew in the appellate court. Where an appeal, as in this state, is in effect a writ of error, a judgment is *res adjudicata* from the time of its entry till reversed. Freeman, Judg. § 328; *Nil* v. *Comparet,* 16 Ind. 107; *Scheible* v. *Slagle,* 89 Ind. 328; *Padget* v. *State,* 93 Ind. 398; *Faber* v. *Hovey,* 117 Mass. 107; *Bank* v. *Wheeler,* 28 Conn. 433; *Cole* v. *Connelly,* 16 Ala. 271; *Curtis* v. *Root,* 28 Ill. 367; *Oakes* v. *Williams,* 107 Ill. 54; *Moore* v. *Williams,* 24 N. E. Rep. 619; *Parkhurst* v. *Berdell,* 110 N. Y. 386; *Stevens* v. *Stevens,* 23 N. Y. Supp. 520; *Creighton* v. *Keith,* 70 N. W. Rep. 407; *Bank* v. *Calvitt,* 3 Sm. & Mar. 143; *Cook* v. *Rice,* 27 Pac. Rep. 1081; *Willard* v. *Ostrander,* 32 Pac. Rep. 1092; *Poole* v. *Seney,* 24 N. W. Rep. 520; *Smith* v. *Schrimer,* 56 N. W. Rep. 160; *Thompson* v. *Griffin,* 6 S. W. Rep. 619; *Suydam* v. *Hoyt,* 25 N. J. L. 230. An appeal with or without supersedeas does not affect the conclusiveness of the judgment as evidence. *Willard* v. *Ostrander,* 32 Pac. Rep. 1092. Section 5739, Rev. Codes, was not intended to create a new rule of evidence. The purpose of this statute is plain. Under the old system *lis pendens* terminated upon the entry of judgment. *Scudder* v. *Sargent,* 17 N. W. Rep. 369; *Parker* v. *Courtney,* 44 N. W. Rep. 863; *Monell* v. *Lawrence,* 12 Johns. 534; *Grattan* v. *Wiggins,* 23 Cal. 16; Black, Judg. § 552; *Sheridan* v. *Andrews,* 49 N. Y. 478. As a consequence of this rule it was frequently held that a purchaser was not affected by reversal on appeal. To correct this injustice, the rule laid down in § 5739, Rev. Codes was adopted. An appeal, however, does not prevent the enforcement of the judgment unless a supersedeas bond is given. §§ 5610, 5616, Rev. Codes. The doctrine of *lis pendens* is based on necessity. *Bellamy* v. *Sabine,* 1 Degex. & Jones, 566; *Houston* v. *Timmerman,* 4 L. R. A. 416; *Brown* v. *Cohn,* 69 N. W. Rep. 71; 13 Am. & Eng. Enc. L. 870. Under the old system *lis pendens* terminated with the entry of the decree. Purchasers of the property affected by the decree, after its entry, were

not *lis pendens* purchasers, but were bound by the decree, not by reason of any supposed notice of it, but by the doctrine of estoppel. *Paige* v. *Waring*, 76 N. Y. 463; *Sheridan* v. *Andrews*, 49 N. Y. 478; 13 Enc. L. 870. The grantee of the person against whom the decree affecting property was rendered is privy in estate with his grantor. *Stranger* v. *Johnson*, 110 Pa. St. 21; *Tell* v. *Bennett*, 110 Pa. St. 181; *Goddard* v. *Benson*, 15 Abb. Pr. 191; Herm. Estop. § § 139, 143 and 144. Hence, under the rule that a judgment or decree estops parties and privies, a purchaser becomes bound as well as his grantor. *Cushing* v. *Edwards*, 25 N. W. Rep. 940; *Morrill* v. *Morrill*, 11 L. R. A. 155; *Howard* v. *Huron*, 5 S. D. 539; *Eakin* v. *McCraith*, 3 Pac. Rep. 838; Herm. Estop. § § 143 and 144. Judgments do not come within the provisions of the recording act. *Hoag* v. *Howard*, 55 Cal. 564. Every purchaser of a chose in action is conclusively presumed to have full notice of all the infirmities of his vendor's title, and is bound to know at his peril all transactions between his vendor and other previous to an assignment in any way affecting his claim. He gets no better title than his vendor had. *Brown* v. *Cohns*, 69 N. W. Rep. 71; *Sheridan* v. *Andrews*, 49 N. Y. 478; Bennett on Lis Pendens, § 319. A judgment estops not only as to the issues actually determined, but also as to all matters which could and ought to have been litigated in the action in which it was rendered. *Enderlin State Bank* v. *Jennings*, 4 N. D. 228; *Howard* v. *Huron*, 5 S. D. 539; *Eakin* v. *McCraith*, 3 Pac. Rep. 838; *Morrill* v. *Morrill*, 11 L. R. A. 155 and note; Herm. Estop. § § 51, 74, 91, 99, 102, 119, 121, and 127. Plaintiffs can not recover from a tenant in possession any part of the value of the use and occupation of the land. *Ward* v. *Ward*, 29 L. R. A. 449, note A; *Gage* v. *Gage*, 28 L. R. A. 829, and notes. Court of equity will not allow compensation for improvement made by a co-tenant solely for his own benefit and in order to realize the increased profits arising from cultivation, where those profits are not shared by his co-tenant. *Cosgriff* v. *Foss*, 36 L. R. A. 753.

YOUNG, J. This case was before us at a former term upon an appeal from an order of the District Court striking out portions of the answer. The order striking out was sustained in part only. It was held as to certain portions that plaintiff's attack should have been by demurrer. See *Gjerstadengen* v. *Hartzell*, 8 N. D. 424, 79 N. W. Rep. 872. A demurrer was interposed, when the case went back to the District Court. The present appeal is from an order sustaining the demurrer to those portions. The action is in equity to partition a quarter section of land situated in Ransom county. Plaintiffs allege that they are the owners of 26-27 thereof; that on April 11, 1895, G. W. Van Dusen & Co., a Minnesota corporation, became the owner of the other 1-27, and thereafter claimed title to all of said land; that on August 23, 1897, in an action in the District Court of Ransom county, wherein they were plaintiffs and G. W. Van Dusen & Co. was defendant, a judgment

and decree was rendered and entered adjudging them to be the owners of the share they now claim; that in March, 1898, thereafter, G. W. Van Dusen & Co. executed and delivered to the defendant herein a warranty deed purporting to convey to the defendant the fee-simple title to all of said premises, and that the defendant now claims to own the whole of said premises. Plaintiffs ask that the land be partitioned, and, if that is not found practicable, that it be sold, and the proceeds divided. The defendant, in his answer, denies that the plaintiffs own any interest in the land, but admits his purchase from G. W. Van Dusen & Co. by warranty deed, as alleged in the complaint, and alleges that he purchased the same in good faith, for a valid consideration, and without notice. Defendant also sets forth the origin, nature, and extent of his title, and it is to these portions of the answer the demurrer is directed. So far as important, the facts alleged are substantially these: Olia Mikkleson, who had a homestead entry upon the land in question under section 2289, Rev. St. U. S., died on July 22, 1885, and before making final proof. She left surviving three children, Martin Peterson Gjerstadengen, Peter Peterson Sandvig, and Ole Peterson. The two children first named are parties plaintiff in this action. The third one—Ole Peterson—died in 1893, leaving surviving a widow and six children. With the exception of the interest of one of these children,—Bradley O. Peterson,—which is the 1-27 conceded to belong to the defendant, the interests of the heirs of Ole Peterson are all represented by the plaintiffs in this action. In February, 1886, Ole Peterson made final proof on the land in behalf of the heirs of Olia Mikkleson. Final receiver's receipt was issued to him for them, and on December 15, 1887, a patent to the land was issued by the United States government to the heirs of Olia Mikkleson. In November, 1886, Ole Peterson was, upon his own petition, appointed by the Probate Court of Ransom county, and qualified as administrator of his mother's estate. This land was inventoried as part of the estate. In December of that year he petitioned for an order to sell the land in question to pay the debts of the estate, which amounted to about $1,600. Pursuant to an order of the Probate Court authorizing and directing such sale, Ole Peterson, as administrator of his mother's estate, sold said land at public auction to one Peter P. Burtness, for $1,000. This sale was confirmed by the Probate Court on March 7, 1887, and on the same day Ole Peterson, as administrator, in pursuance of an order then made and so directing him, executed and delivered an administrator's deed to Burtness. On the same day Burtness gave a deed to Bradley O. Peterson, who is one of the six children of the administrator. On October 4, 1887, Bradley O. Peterson deeded the land to David H. Buttz. On April 11, 1895, Buttz deeded to G. W. Van Dusen & Co., and on December 7, 1897, the latter deeded to this defendant. All of said deeds were placed of record.

The demurrer interposed by plaintiff to the foregoing, and also

to certain other portions of the answer, to which we shall have occasion to refer later, is that they "do not state facts sufficient to constitute a defense or counterclaim, and the defendant is barred and estopped from alleging said matters, because the same have been litigated and determined in the action in which judgment was entered in the case of *Gjerstadengen* v. *Van Dusen,* mentioned and described in the complaint." The question as to whether the defendant is estopped from relitigating issues which were or might have been litigated and determined in the action against his immediate grantor is argued at length, and with much learning, by counsel for both parties. This question from the defendant's standpoint is entirely preliminary to a consideration of the merits of his defense. Should we conclude that he is not estopped from asserting them, the question would still remain for determination whether sufficient facts are alleged in the portions of the answer attacked by the demurrer to constitute a defense or counterclaim. Inasmuch as we have concluded that they are not sufficient we shall assume, without deciding the point, and only for the purposes of this opinion, that the defendant is in a position to avail himself of the defense he pleads, and will, therefore, consider the demurrer on its merits. It is apparent upon bare inspection that the defendant did not obtain title by virture of the deeds which he sets forth as the source of his title. It will be noticed that the chain of title in which the conveyance to him stands begins with the estate of Olia Mikkleson. She had no title, and her estate had none. Whatever right she had under her homestead entry terminated at her death, and the title to the land, which rested in the United States government until the patent was subsequently issued, when it finally passed, passed directly not to Olia Mikkleson, or to her estate, but to her heirs individually, as new homesteaders, entirely independent of admistration proceedings. Neither did the deed which Ole Peterson executed estop him, or his heirs, who are now asserting interests derived from him, from asserting title to the land in dispute. The deed executed by Ole Peterson to Burtness was executed as administrator, and without personal covenants. He did not assume to convey anything more than the estate had. In fact, the estate had no title or interest. Neither did Peterson, at the time of the execution of the deed, have title. It was more than nine months afterwards that the patent was issued which gave him title. The facts were not concealed, but were, on the contrary, open to all parties equally. It is plain that there was merely a mistake of law, which was mutual to the administrator and the purchaser, Burtness, and the Probate Court as well, in believing that the estate of Olia Mikkleson had title, whereas in fact her entire interest had ended at her death, and the title was then, and for some time thereafter, still in the United States government. We are of the opinion that the deed conveyed no title, and, further, that it cannot operate as an estoppel against the assertion of the legal title by plaintiff under such circumstances. The same facts were before this court in *Gjerstadengen* v. *Van Dusen,*

7 N. D. 612, 76 N. W. Rep. 233, and the same conclusion reached. Corliss, C. J., speaking for the court, said: "The facts were all matters of public record. It appeared that Olia Mikkleson had made a homestead entry on this land, but that she had not received a patent, or earned the right thereto, at the time of her death. Whether, under these circumstances, she had such an interest in the land as would make it a part of her estate on her death, was purely a question of law. Ole Peterson did not make to the purchaser any representations as to the law governing the question of title. He merely proceeded under a misapprehension as to the law, which the purchaser appears to have shared, that the land did constitute a part of the estate of the decedent, but he did not covenant that this was so. Nor does the law imply against him such a covenant. The exact reverse is the case. The law declares that the purchaser must see to it, at his peril, that the proceedings are legal, and that the land does in fact form a part of the decedent's estate." Upon the face of the deeds from which the defendant claims title it appears that no title was conveyed; further, an estoppel by deed is not made out.

There is, however, an element in the present case which did not appear in the case of *Gjerstadengen* v. *Van Dusen*, supra. In addition to the claim made in that case that Ole Peterson and his heirs are estopped by the administrator's deed from asserting title, he also claims an estoppel by conduct, and in this connection alleges that the $1,000 which was paid to Peterson, as administrator, upon the sale to Burtness, was all received by Peterson in partial payment of a claim which he held and had filed against his mother's estate; further, that at the time of purchasing the land from Van Dusen & Co. the defendant "believed that the said Ole Peterson sold and conveyed the whole of said premises to said Burtness by a fee-simple title thereto, and that the said Peterson received the sum of one thousand dollars from such sale, and that he applied the same to the partial payment of his said claim against said Olia Mikkleson;" further, that neither Peterson nor the heirs of Olia Mikkleson have returned or offered to return said sum of $1,000, and that he was therby induced to purchase said premises. Do these facts constitute an estoppel in pais? We are of the opinion that they do not. The end sought to be effected is to defeat the title to land. Such a result may follow upon a proper state of facts, but only when it is necessary to prevent fraud "against which the injured party could not guard by the exercise of proper diligence." We agree with the court in *Davis* v. *Davis,* 26 Cal. 23, that "the doctrine of estoppel in pais should not be too readily extended when the effect of it is to devest men of their estates in lands. It should be remembered that we have a statute which makes a writing essential to the assignment or creation of an estate in real property, and that one of the objects of such statutes was to render estates secure." The rule as to the requisites of an estoppel in pais as applied to the title to realty which appeals to us as the most equitable to all parties

is that announced by Field, J., in *Boggs* v. *Mining Co.,* 14 Cal., on page 367. He said: "It is undoubtedly true that a party may in many instances be concluded by his declarations or conduct, which have influenced the conduct of another to his injury. The party is said in such cases to be estopped from denying the truth of his admissions. But to the application of this principle with respect to the title of property it must appear: First, that the party making the admission by his declaration or conduct was apprised of the true state of his own title; second, that he made the admission with the express intention to deceive, or with such careless and culpable negligence as to amount to constructive fraud; third, that the other party was not only destitute of all knowledge of the true state of the title, but of the means of acquiring such knowledge; and, fourth, that he relied directly upon such admission, and will be injured by allowing its truth to be disproved. * * * There must be some degree of turpitude in the conduct of a party before a court of equity will estop him from the assertion of his title; the effect of the estoppel being to forfeit his property, and transfer its enjoyment to another." This was followed and approved in *Davis* v. *Davis,* 26 Cal. 23, and *Smith* v. *Penny,* 44 Cal. 161, with the single modification of the third condition, which was held not to mean that a person must be destitute of all possible means of acquiring knowledge of the true state of the title, "but rather or all convenient and ready means to such end." Tested by this rule, the facts pleaded utterly fail to create an estoppel. Peterson was ignorant of the true state of the title when the acts set up occurred. The title was in fact then in the government. When the administrator's deed was executed, and when, as a creditor of the estate, he received payment upon his claim from moneys derived by the estate from the sale of the land, he did not own the land, and was entirely innocent of a belief that he would subsequently acquire an interest; and it is equally clear from the facts pleaded that Peterson had no intention to deceive any one either by executing the administrator's deed or by presenting his claim against the estate to the Probate Court, and receiving thereon such sums as that court undertook to distribute to creditors which were derived from the sale of property which was believed, although mistakenly, to belong to the estate. Indeed, it would appear from the facts set forth in the answer that Peterson died without learning that he acquired title to this land, for the litigation based upon that question was not commenced until 1897, and was not concluded by the decision of this court in *Gjerstadengen* v. *Van Dusen,* until January, 1898, which was more than five years after Peterson's death. It is extremely doubtful whether the fact that Peterson had received this money upon his account warrants the inference that he and his heirs made no claim to the title of the land from the sale of which it was derived; yet, construing it as an absolute admission that he had no title, it was an admission made without knowledge of his title, and without intent to deceive. Again, the answer contains no allegation that the defendant will suffer loss

if he is not allowed to defeat the plaintiffs' legal title by an estoppel. It is well settled that "a party setting up an estoppel must always show as an essential part of his case that he will be subjected to loss if he cannot set up the estoppel. There is no presumption in his favor. * * * An estoppel was never intended to work a positive gain to a party, but its whole office is to protect him from a loss which, but for the estoppel, he could not escape." *Bank* v. *Tood,* 47 Conn. 190. In view of the fact that the answer admits that the defendant received a warranty deed purporting to convey title in fee simple, and that no fact is alleged or appears which shows that his grantor is not financially responsible, we are unable to understand how the defendant will suffer loss by permitting Peterson's heirs to assert their title. On this point, see the case last cited, page 218. The estoppel in pais here set up was urged in a petition for a rehearing in this court in *Gjerstadengen* v. *Van Dusen,* supra, but the facts upon which it was based did not appear in the record then before the court, and was accordingly not passed upon.

The answer also alleges that Buttz made improvements on the land during the time he possessed it, which was from 1887 until 1895, consisting of breaking and backsetting, of the value of $650, and asks that, in the event of a partition, the plaintiffs should account to the defendant for the value of such improvement. The demurrer to this claim was also sustained, and properly so. At common law, and independent of statute, a co-tenant cannot charge another with the value of improvements made by him upon the premises, unless they are made by the latter's consent. Sedg. & W. Tr. Tit. Land (2d Ed) § 711. In equity, however, in decreeing a partition of the premises, improvements made by a co-tenant may be taken into consideration, even when made without consent or promise of contribution, "provided they are necessary, useful, substantial, and permanent, enhancing the value of the estate" (see *Ward* v. *Ward's Heirs* [W. Va.] 21 S. E. Rep. 746, 29 L. R. A. 449, and cases cited under note "c"), and each case depends upon its own facts, and the right does not exist in all cases (*Curtis* v. *Poland,* 66 Tex. 511, 2 S. W. Rep. 39). The facts of this case do not appeal to us as calling for equitable interference. The improvements were not made by the defendant, but by a remote grantor,—some 10 years before the defendant's purchase; and while it may be admitted that a warranty deed may pass the claim of a co-tenant for improvements to his grantee, yet it is far from clear that such was the understanding of the parties to the various conveyances through which defendant's interest comes. Then, too, the improvements made were evidently for the exclusive benefit of the co-tenant, who made them in rendering the occupancy more valuable to him. Incidentally they may have enhanced the value of the estate. But the prime purpose in making them was to obtain personal profit, and not to increase the value of the land. Further, it appears that the party who made the improvements had the possession and use of the land and benefit of the improvements for more than seven years. It is evident that the

value of these improvements, even if they are such as could be charged to his co-tenants, is more than offset by the value of the use and occupation which he enjoyed during that period. See *Cosgriff* v. *Foss,* 65 Hun, 184, 19 N. Y. Supp. 941; *Scott* v. *Guernsey,* 48 N. Y. 106. Further, such improvements were not necessary for the preservation of the estate, and the mere fact that they enhanced the value of the common property does not entitle the tenant making them to an allowance for that value. *Elrod* v. *Keller,* 89 Ind. 382. The order sustaining the demurrer is affirmed. All concur.